THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellant, v. MANUEL F. HERNANDEZ, Petitioner-Appellee.

Second District No. 2—97—0623

Opinion filed May 8, 1998.

350

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., of Law Offices of Morelli, Cook & Petersen, of Aurora, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Petitioner, Manuel Hernandez, pleaded guilty to the unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56½, par. 1402(a)(2)(A) (now 720 ILCS 570/402(a)(2)(A) (West 1996))). He petitioned for postconviction relief (see 725 ILCS 5/122—1 *et seq.* (West 1996)), asserting that his conviction violated the ban on double jeopardy. The trial court granted the petition, and the State appeals, raising three issues: (1) whether the trial court had jurisdiction to hear petitioner's motion to vacate his conviction and to order his immediate release where the State had already filed a notice of appeal; (2) whether the court erred in denying the State's motion to strike the petition as untimely; and (3) whether the court erred in applying retroactively the ruling of *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 784, 128 L. Ed. 2d 767, 781-82, 114 S. Ct. 1937, 1948 (1994), that a tax conditioned on the commission of a crime violates the constitutional prohibition against successive punishments for the same offense.

Petitioner was sentenced on November 16, 1992. On January 15, 1997, represented by counsel, he filed a petition for postconviction relief alleging a violation of the prohibition on double jeopardy. The petition alleged that the Illinois Department of Revenue served a notice of state tax lien on petitioner's bank account based on his failure to pay a stamp tax plus interest under the Cannabis and Controlled Substances Tax Act (Tax Act) (Ill. Rev. Stat. 1991, ch. 120, par. 2151 *et seq.* (now 35 ILCS 520/1 *et seq.* (West 1996))) for the 33 grams of cocaine seized during the search of his home. The notice of tax liability was finalized before judgment was imposed in the criminal

case. Relying on *Kurth Ranch*, petitioner argued that his criminal case should have been dismissed because he had previously been punished by the tax assessment. Thus, his conviction and sentence constituted a second punishment for the same offense. Finally, petitioner argued that his delay in filing the postconviction petition was not due to his culpable negligence.

The State moved to strike the petition on the ground that it was not filed timely. The State also responded that the ruling in *Kurth Ranch* should not be applied retroactively.

The court found that the tax hearing was completed before criminal jeopardy attached so that petitioner was subjected to double jeopardy. The court further found that the *Kurth Ranch* ruling was predictable; thus, *Kurth Ranch* should be applied retroactively. Finally, the court ruled that waiver and *res judicata* principles do not bar petitioner relief "because of the fundamental nature of double jeopardy protection." The court therefore granted the postconviction petition.

The State filed a notice of appeal and, on the same date, a motion to detain petitioner or to set bail. Petitioner subsequently filed a motion to vacate the conviction. Following a hearing, the court granted petitioner's motion, vacated the judgment, and ordered petitioner's immediate release. It also denied the State's motion.

■ On appeal, the State first contends that the trial court lacked jurisdiction to rule on those motions filed after the notice of appeal. We disagree. While a timely notice of appeal divests the circuit court of general jurisdiction, the court retains jurisdiction to perform ministerial functions and to determine matters that are independent of and collateral to the order being appealed. *People v. Dace*, 184 Ill. App. 3d 1082, 1085 (1989). The trial court had granted the petition for postconviction relief; therefore, vacating the conviction and ordering petitioner's release were ministerial functions implementing the earlier decision that the court retained jurisdiction to perform.

■ The State next contends that the trial court erred in denying the State's motion to strike the postconviction petition. *People v. Lansing*, 35 Ill. 2d 247, 248 (1966), on which the State relies, is distinguishable because there the trial court dismissed the petition as untimely. Here, the trial court denied the motion to strike. As petitioner notes, the trial court's ruling on a postconviction petition should be affirmed unless it is manifestly erroneous. *People v. Caballero*, 179 Ill. 2d 205, 214 (1997).

The petitioner must file the petition within three years of the date of the conviction unless he can show that the delay was not due to his culpable negligence. 725 ILCS 5/122—1(c) (West 1996). At the

hearing on the motion, petitioner's counsel argued that the law was evolving, in that *Kurth Ranch* was decided in 1994 and *United States v. Ursery*, 518 U.S. 267, 135 L. Ed. 2d 549, 116 S. Ct. 2135 (1996), was decided in 1996. *Ursery* limited the scope of the Court's decisions in *Kurth Ranch, United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487, 109 S. Ct. 1892 (1989), and *Austin v. United States*, 509 U.S. 602, 125 L. Ed. 2d 488, 113 S. Ct. 2801 (1993), on both of which *Kurth Ranch* relied, to hold that *in rem* civil forfeitures are neither punishment nor criminal for double jeopardy purposes. See *Ursery*, 518 U.S. at 287-88, 135 L. Ed. 2d at 567-68, 116 S. Ct. at 2147. The trial court denied the motion to strike because the cause concerned evolving law and legal doctrine and petitioner was incarcerated.

The trial court found that the delay was not due to petitioner's culpable negligence because of the evolving nature of the law in the area of double jeopardy. As petitioner points out, our supreme court did not issue an opinion addressing this issue until February 1996, when it issued *Wilson v. Department of Revenue*, 169 Ill. 2d 306, 317 (1996), in which it held that the Tax Act, under which petitioner was subjected to a tax, violated the double jeopardy provisions of both the state and federal constitutions. In November 1996, petitioner contacted counsel about filing the petition, and the petition was filed in January 1997. From these facts, we cannot say that the trial court manifestly erred in finding that petitioner had shown that the delay in filing the petition was not due to his culpable negligence.

■ Finally, the State contends that the trial court erred in applying *Kurth Ranch* retroactively. The State asserts that a new rule of constitutional law should not be applied retroactively to cases not pending on direct review. However, that statement of law applies only to new rules of criminal *procedure* (see *Teague v. Lane*, 489 U.S. 288, 310, 103 L. Ed. 2d 334, 356, 109 S. Ct. 1060, 1075 (1989); *Griffith v. Kentucky*, 479 U.S. 314, 320, 93 L. Ed. 2d 649, 656, 107 S. Ct. 708, 711 (1987)); here, however, the ruling applies to a substantive issue: whether the trial court had the authority to try and convict a defendant in the first place (see *Griffith*, 479 U.S. at 324, 93 L. Ed. 2d at 659, 107 S. Ct. at 714; *United States v. Johnson*, 457 U.S. 537, 550, 73 L. Ed. 2d 202, 214, 102 S. Ct. 2579, 2587 (1982)). In such circumstances, "the Court has relied less on the technique of retroactive application than on the notion that the prior inconsistent judgments or sentences were void *ab initio*." *Johnson*, 457 U.S. at 550, 73 L. Ed. 2d at 214, 102 S. Ct. at 2587; see also *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970) (Court applied a new rule to a case pending on a collateral attack to find that the defendant had been subjected to double jeopardy). We therefore conclude that the

trial court correctly found that the *Kurth Ranch* ruling should be applied to petitioner's cause. Thus, we affirm the trial court's judgment granting postconviction relief.

The judgment of the Kane County circuit court is affirmed.

Affirmed.

INGLIS and BOWMAN, JJ., concur.