Criminal File Heading (People) 

 No. 3--02--0297 _________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2003

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 14th Judicial Circuit,

       )  Rock Island County, Illinois

Plaintiff-Appellee,        ) 

       )

v.                         )  No. 95--CF--781

  ) 

DEWAYNE C. WILBURN,       ) Honorable

                 )  James T. Teros

Defendant-Appellant.       )  Judge, Presiding

________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

________________________________________________________________

The defendant, DeWayne C. Wilburn, was convicted of aggravated battery with a firearm and armed violence.  720 ILCS 5/12--4.2; 33A--2 (West 1994).  The trial court sentenced defendant to 25 years’ imprisonment on each offense, to be served consecutively.  Defendant filed an amended postconviction petition, which was dismissed as untimely.  Defendant appeals, contending the trial court erred in dismissing his petition.  We reverse the trial court’s judgment, vacate defendant’s sentence on his armed violence conviction and remand for resentencing.

FACTS

Defendant was convicted of aggravated battery with a firearm and armed violence based on an incident in which he shot the victim in the leg with a handgun and robbed him of approximately $45 in cash.  Defendant was sentenced on February 7, 1996, to consecutive 25-year terms of imprisonment.  

At that time, armed violence with a handgun was punishable by 15 to 30 years’ imprisonment.  720 ILCS 5/33A--3(a) (West 1996).  The legislature enacted this sentencing provision by Public Act 88--680 (Pub. Act 88--680, eff. January 1, 1995). Prior to the enactment of Public Act 88--680, the sentencing range for armed violence with a handgun was 6 to 30 years’ imprisonment.  720 ILCS 5/33A--3(a); 730 ILCS 5/5--8--1(a)(3) (West 1992). 

Defendant’s convictions were affirmed on appeal.  
People v. Wilburn
, No. 3--96--0224 (1997) (unpublished order under Supreme Court Rule 23).  Our supreme court denied defendant’s petition for leave to appeal on October 1, 1997.   
On April 26, 2001, defendant filed a 
pro
 
se
 
petition seeking relief pursuant to the Post-Conviction Hearing Act.  725 ILCS 5/122--1 
et
 
seq.
 (West 2000).  The trial court appointed counsel for defendant, and an amended petition was filed.  In his amended petition, defendant asserted his armed violence sentence should be vacated because Public Act 88--680, which amended the sentencing provisions for armed violence, had been held unconstitutional in 
People v. Cervantes
, 189 Ill. 2d 80, 723 N.E.2d 265 
(1999).  Defendant further asserted that the late filing of his postconviction petition was not due to his culpable negligence because Public Act 88--680 was not declared unconstitutional until after the deadline for filing his petition had passed.

The trial court granted the State’s motion to dismiss defendant’s petition, finding it was not timely filed.

DISCUSSION

On appeal, defendant contends the trial court erred in dismissing his postconviction petition as untimely because the armed violence sentencing statute was declared unconstitutional after the deadline for filing his petition had passed.

Under the Post-Conviction Hearing Act, 
proceedings must be commenced within:

"6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed *** or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122--1(c) (West 2000).  

Lack of culpable negligence is difficult to establish.  
People v. Burris
, 315 Ill. App. 3d 615, 734 N.E.2d 161 (2000).  However, the delay in filing a postconviction petition may be excused when the petition is based on the issuance of a new case which changes the law applicable to the defendant’s claim.  See 
People v. Lee
, 326 Ill. App. 3d 882, 762 N.E.2d 18 (2001); 
People v. Hernandez
, 296 Ill. App. 3d 349, 694 N.E.2d 1082 (1998)
.    

We generally will not disturb a trial court’s determination as to whether a delay was a result of the defendant’s culpable negligence unless that determination is manifestly erroneous.  
People v. Caballero
, 179 Ill. 2d 205, 688 N.E.2d 658 (1997).  However, the trial court’s decision in this case is not based upon fact-finding or a credibility determination.  Instead, the issue is whether the trial court correctly applied the law to the established facts.  Therefore, the correct standard of review in this case is 
de
 
novo
.  See 
Branson v. Department of Revenue
, 168 Ill. 2d 247, 659 N.E.2d 961 (1995) (issues of fact are reviewed deferentially while questions of law are reviewed 
de
 
novo
); 
People v. Woods
, 306 Ill. App. 3d 1144, 715 N.E.2d 1218 (1999).

It is undisputed that defendant’s petition was not filed within the time limits set forth in the Act.  Defendant asserts he was not culpably negligent in filing the petition after the statutory time limit had expired.   

Initially, we find defendant was not culpably negligent in failing to file his petition prior to the 
Cervantes
 decision because his substantive claim was established by that decision.  We conclude it would be unfair to require defendant to file his petition based on the change in law occasioned by 
Cervantes
 before that decision was even issued.  

However,
 defendant did not file his postconviction petition until 
April 26, 2001, approximately 16 months after the 
Cervantes
 decision was issued
. 
 In a similar case, this court held a defendant was not culpably negligent in filing his postconviction petition two months after
 the Supreme Court issued a decision which 
established his claim.  See 
Lee
, 326 Ill. App. 3d 882, 762 N.E.2d 18 (defendant filed a postconviction petition contesting the constitutionality of his extended-term sentence following the decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)
).  Additionally, the Second District Appellate Court has held that a trial court did not err in finding a defendant was not culpably negligent in filing his postconviction petition approximately 11 months after a change in the law established his claim.  
Hernandez
, 296 Ill. App. 3d 349, 694 N.E.2d 1082 (defendant filed his postconviction petition 11 months 
after our supreme court issued an opinion clarifying the law in the area of double jeopardy).    
 

In sum, we conclude defendant was not culpably negligent in filing his petition 16 months after his claim was established in 
Cervantes
.  Accordingly, the trial court erred in dismissing defendant’s petition as untimely.      

Ordinarily, we would remand this matter to the trial court for a hearing at the third stage of postconviction proceedings.  However, this matter does not present any factual dispute which requires an evidentiary hearing.  Our supreme court has held that Public Act 88--680 violates the single subject rule of the Illinois Constitution and, therefore, is void.  
Cervantes
, 189 Ill. 2d 80, 723 N.E.2d 265.  
Defendant is entitled to be resentenced in accordance with the sentencing scheme in place prior to the enactment of Public Act 88--680.  See 
People v. Ruiz
, 
312 Ill. App. 3d 49,
 726 N.E.2d 704 
(2000)
 
(when an unconstitutional amendment to a statute is enacted, the law prior to the adoption of the amendment remains in force).  Therefore, we vacate defendant's sentence for armed violence and remand the matter to the trial court to resentence defendant under the prior version of the sentencing statute.  We make this ruling pursuant to our supervisory authority under Illinois Supreme Court Rule 615(b)(2).  134 Ill. 2d R. 615(b)(2).

CONCLUSION

For the foregoing reasons, we reverse the judgment of the Rock Island County circuit court dismissing defendant’s postconviction petition, vacate defendant's armed violence sentence and remand the matter to the trial court for resentencing.

Reversed; sentence vacated and cause remanded. 

MCDADE, P. J., and SLATER, J., concur.