THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY J. DAVIS, Defendant-Appellant.

Second District    No. 2—03—0120

Opinion filed July 30, 2004.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (Mary Katherine Moran, Special State's Attorney, and Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Larry J. Davis, pleaded guilty to first degree murder (720 ILCS 5/9—1(a)(1) (West 1994)). In exchange for his plea, various other charges were nol-prossed, but there was no agreement as to sentencing. On April 4, 1997, the trial court sentenced defendant to 40 years' imprisonment. Defendant did not appeal from his conviction or sentence, but on November 21, 2000, he filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)), complaining that he had received ineffective assistance of counsel because, although he expressed his desire to appeal from his sentence, trial counsel failed to file a notice of appeal. The trial court appointed counsel to represent defendant, and counsel amended the petition. The State then filed a motion to dismiss the petition on the basis that it was not filed within three years of defendant's conviction, as was required at the time by section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West 2000)). After a hearing, the trial court granted the motion to dismiss, and this appeal followed. We affirm.

During the relevant time frame, section 122—1(c) of the Act provided, in pertinent part:

> "No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) *or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.*" (Emphasis added.) 725 ILCS 5/122—1(c) (West 2000).

We generally will not disturb a trial court's determination as to whether a delay was a result of the defendant's culpable negligence unless that determination is manifestly erroneous. *People v. Wilburn*, 338 Ill. App. 3d 1075, 1077 (2003).

In his postconviction petition, defendant alleged that the failure to file the postconviction petition within the applicable time frame was not due to his culpable negligence because "he was under [the] impression that [trial counsel] filed a notice of appeal and further believed that [an] appeal was under way [*sic*]." However, in its motion to dismiss, the State pointed out that the record contained a letter dated January 7, 1998, from defendant to the trial court, stating, in pertinent part:

> "It's been 9 months since you've sentenced me and I'm writing you

to let you know how I'm doing because in a couple months I plan on trying to get back into court. My last attorney *** refused to help me get a new sentencing, so I have to learn the law myself and do it."

The State argued that, at the time he wrote the letter, defendant was clearly aware that his attorney was not pursuing an appeal, and there was ample time remaining to file a postconviction petition. On appeal, defendant concedes that, when he filed his postconviction petition, he had known for over two years that his trial attorney was not pursuing an appeal. However, he argues that he was not culpably negligent because he filed his postconviction petition within three years of learning of trial counsel's failure to act. In other words, defendant advocates applying a discovery rule in determining the timeliness of a postconviction petition.

The discovery rule was originally a judicially created exception to the statute of limitations in a civil case; it prevented a plaintiff in a civil case from losing the right to sue because the statute of limitations had expired before the plaintiff was even aware of his or her injury. As our supreme court has explained:

"To alleviate the harsh consequences that would flow from literal application of the limitations period, the judiciary created the 'discovery rule.' The effect of the discovery rule, which this court first adopted in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 72-73, is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused. [Citation.]

Since *Rozny*, the discovery rule has been applied to a wide variety of actions. [Citations.] The legislature has also incorporated the discovery rule into several statutes of limitations, including that applicable to products liability actions." *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 360-61 (1995).

Initially, we note that defendant's attempt to invoke the discovery rule is based on a dubious factual premise. Defendant relies on the January 7, 1998, letter as evidence that he first became aware of counsel's failure to act on or about that date. To the contrary, the letter merely establishes that defendant had become aware of counsel's failure to act by January 7, 1998, *at the very latest*. In fact, following the hearing on the trial court's motion to dismiss, the trial court concluded that defendant was or should have been aware from the outset that his attorney would not pursue an appeal on his behalf. Defendant does not challenge this finding on appeal. More importantly, we conclude that the discovery rule simply does not apply in postconviction proceedings.

In support of his argument that the three-year period for filing a postconviction petition should begin when the defendant learns of his claim, defendant cites provisions from the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 2002)) tolling and extending the period for commencing a criminal prosecution (720 ILCS 5/3—6, 3—7 (West 2002)). However, defendant offers no explanation of how these statutes have any bearing on the timeliness of a postconviction petition, which, as seen, is the subject of its own statutory provision. Defendant also relies on the statute of limitations for product liability actions, which was specifically mentioned in *Golla* as a statutory example of the discovery rule. Section 13—213(d) of the Code of Civil Procedure (Code) (735 ILCS 5/13—213(d) (West 1994)) provides "the plaintiff may bring [a product liability action based on the doctrine of strict liability in tort] within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of personal injury, death, or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred." Far from supporting defendant's argument, however, this language only serves to illustrate that the General Assembly was well able to explicitly codify the discovery rule when it saw fit to do so. The General Assembly could have easily provided, in similar language, that a postconviction petition may be filed within three years after the discovery of a constitutional violation cognizable under the Act. However, the General Assembly chose not to do so, providing instead a more general exception to the time limits in cases where delay is not due to culpable negligence. In effect, defendant asks us to replace the language of one statutory provision with different language from a separate, unrelated, and entirely inapplicable statute. We cannot rewrite a statute; rather, it is our task to interpret and apply it in the manner in which it was written. *In re Estate of Schlenker*, 209 Ill. 2d 456, 466 (2004).

Section 122—1(c)'s exception for delay that is not due to culpable negligence undoubtedly covers cases of delay that is an unavoidable consequence of the late discovery of a claim. To accept defendant's argument, however, we would have to further hold that a defendant is *never* guilty of culpable negligence as long as he does not wait more than three years to file his postconviction petition after the discovery of a claim. To the contrary, whether delay is due to culpable negligence depends not only on when the claim is discovered but on how promptly the defendant takes action after the discovery. Thus, even though defendant may not have discovered his claim until about nine months after his conviction, it cannot be said that he was free from culpable negligence where he then waited for over two years before filing his petition.

219

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.