837 N.E.2d 111 (2005)
361 Ill. App.3d 450
297 Ill.Dec. 331
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Jose J. RAMIREZ, Defendant-Appellant.
No. 2-04-0243.
Appellate Court of Illinois, Second District.
September 23, 2005.
As Modified Upon Denial of Rehearing October 14, 2005.
*113 G. Joseph Weller, Deputy Defender (Court-appointed), Paul Alexander Rogers (Court-appointed), Office of the State Appellate Defender, Elgin, for Jose J. Ramirez.
John A. Barsanti, Kane County State's Attorney, St. Charles, Martin P. Moltz, *114 Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, Salena R. Young, Springfield, for the People.

Modified Upon Denial of Rehearing
Presiding Justice O'MALLEY delivered the opinion of the court:
On November 7, 1995, defendant Jose J. Ramirez entered a negotiated plea of guilty to armed violence. In exchange for his plea and his acceptance of a 12½-year prison sentence, the State dismissed additional charges against defendant. At the time of his plea, the trial court admonished defendant that the minimum sentence for his conviction was 10 years. The 10-year minimum applied instead of the usual 6-year minimum for armed violence because Public Act 88-680, commonly known as the Safe Neighborhoods Act (Pub. Act 88-680, eff. January 1, 1995), increased the minimum sentences for offenses involving certain weapons, including the handgun defendant carried at the time of his offense. Compare 720 ILCS 5/33A-3(a) (West 1992) (preamendment version of armed violence statute classifying armed violence as a Class X felony) and 730 ILCS 5/5-8-1(a)(3) (West 1992) (sentence for Class X felony must be between 6 and 30 years unless otherwise specified in statute) with 720 ILCS 5/33A-3(a) (West 1994) (incorporating Safe Neighborhoods Act, effective January 1, 1995, and showing an increased minimum sentence for armed violence based on the category of weapon used). Four years after defendant pleaded guilty, the supreme court declared the Safe Neighborhoods Act to be unconstitutional (see People v. Cervantes, 189 Ill.2d 80, 243 Ill.Dec. 233, 723 N.E.2d 265 (1999)). Both parties now agree that, after the striking of the Safe Neighborhoods Act, the law remained as it had been prior to Public Act 88-680, and the minimum sentence defendant faced was actually 6 years and not 10.
On May 27, 2003, defendant, through his retained counsel, filed a petition for post-conviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)). The trial court entered an order finding that the petition was not frivolous. The State filed a motion to dismiss the petition because, among other reasons, it was untimely. After a hearing the trial court denied the State's motion and ordered the State to answer defendant's petition. On February 11, 2004, after another hearing, the trial court denied defendant's petition. Defendant timely appeals, and we affirm.
The Act provides a remedy for defendants who have suffered substantial violations of their constitutional rights. People v. Edwards, 197 Ill.2d 239, 243-44, 258 Ill.Dec. 753, 757 N.E.2d 442 (2001). Under the Act, a postconviction proceeding not involving the death penalty contains three stages. Edwards, 197 Ill.2d at 244, 258 Ill.Dec. 753, 757 N.E.2d 442. At the first stage, the circuit court must independently review the postconviction petition within 90 days of its filing and determine whether the petition should be dismissed because it is frivolous or is patently without merit. Edwards, 197 Ill.2d at 244, 258 Ill.Dec. 753, 757 N.E.2d 442, quoting 725 ILCS 5/122-2.1(a)(2) (West 1998). To survive the first stage, a petition must state only the gist of a constitutional claim. People v. Gaultney, 174 Ill.2d 410, 418, 221 Ill.Dec. 195, 675 N.E.2d 102 (1996). A petition also survives the first stage if the trial court fails to make a finding that it is frivolous or without merit within 90 days, as required under section 122-2.1 of the Act. People v. Vasquez, 307 Ill.App.3d 670, 672-73, 240 Ill.Dec. 875, 718 N.E.2d 356 (1999).
*115 If the petition survives the first stage, the defendant moves on to the second stage under the Act, at which point an indigent defendant is appointed counsel. People v. Greer, 212 Ill.2d 192, 203-04, 288 Ill.Dec. 153, 817 N.E.2d 511 (2004). At the second stage, the defendant's counsel may file an amended postconviction petition and the State may file a motion to dismiss or an answer to the petition. Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102, citing 725 ILCS 5/122-5 (West 1992). If the trial court does not dismiss or deny the petition, the proceeding advances to the third and final stage, at which the trial court conducts an evidentiary hearing on the defendant's petition. Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102. Here, the petition was denied at the second stage.
The State argues that the trial court erred in denying its motion to dismiss defendant's petition as untimely. Defendant agrees that we must consider the timeliness of his petition on appeal. See People v. Johnson, 208 Ill.2d 118, 128-38, 281 Ill.Dec. 38, 803 N.E.2d 442 (2003) (judgment may be upheld on any basis shown by the record, even if that basis was rejected by the trial court).
Section 122-1(c) of the Act provides that if no appeal is filed, "[n]o [postconviction] proceedings * * * shall be commenced more than * * * 3 years from the date of [the petitioning defendant's] conviction, * * * unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2002). Defendant concedes that his postconviction petition, which was filed almost eight years after his conviction, was not timely under the Act. However, he claims that the delay in filing was not due to his culpable negligence.
The phrase "culpable negligence" contemplates something greater than ordinary negligence and is akin to recklessness. People v. Rissley, 206 Ill.2d 403, 420, 276 Ill.Dec. 821, 795 N.E.2d 174 (2003), quoting People v. Boclair, 202 Ill.2d 89, 106-08, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002). A trial court's findings of fact regarding whether a petition's untimeliness was due to culpable negligence will not be reversed unless manifestly erroneous (People v. Caballero, 179 Ill.2d 205, 214, 227 Ill.Dec. 965, 688 N.E.2d 658 (1997)), but the trial court's ultimate conclusion as to whether the established facts demonstrate culpable negligence is reviewed de novo (People v. Wilburn, 338 Ill.App.3d 1075, 1077, 273 Ill.Dec. 623, 789 N.E.2d 797 (2003)). Here, the trial court made no findings of fact regarding the timeliness issue, and thus our review is de novo.
Defendant argues that the lateness of his petition was not due to his culpable negligence because the basis for his petition, the Illinois Supreme Court's decision in Cervantes, did not arise until four years after his conviction. He thus asserts that he could not have filed his petition within the statutorily mandated three-year period after his conviction.
Defendant cites Wilburn as support for his argument that he was not culpably negligent. In Wilburn, the defendant filed a postconviction petition, based on Cervantes, over 5 years after his original sentence was imposed and 16 months after Cervantes was decided. Wilburn, 338 Ill. App.3d at 1076, 273 Ill.Dec. 623, 789 N.E.2d 797. The court held that the defendant was not culpably negligent in failing to file his petition before Cervantes was issued, because it would be unfair to require him to file his petition based on the change in law occasioned by Cervantes before that decision was even issued. Wilburn, *116 338 Ill.App.3d at 1077, 273 Ill.Dec. 623, 789 N.E.2d 797.
The court in Wilburn also held that the defendant was not culpably negligent for not filing his postconviction petition until 16 months after Cervantes was issued. Wilburn, 338 Ill.App.3d at 1077, 273 Ill. Dec. 623, 789 N.E.2d 797, citing People v. Lee, 326 Ill.App.3d 882, 260 Ill.Dec. 752, 762 N.E.2d 18 (2002) (no culpable negligence in a defendant's filing his petition two months after a Supreme Court decision changed the applicable law), and People v. Hernandez, 296 Ill.App.3d 349, 230 Ill.Dec. 804, 694 N.E.2d 1082 (1998) (no culpable negligence in a defendant's filing his petition 11 months after a change in the law).
We agree with defendant that, pursuant to Wilburn, he was not culpably negligent for failing to file his postconviction petition during the period before Cervantes was decided. However, we must also consider whether defendant was culpably negligent based on the time period that elapsed between the decision in Cervantes, issued in December 1999, and the filing of his petition on May 27, 2003. See Wilburn, 338 Ill.App.3d at 1077, 273 Ill. Dec. 623, 789 N.E.2d 797 (separately considering culpable negligence in delay in filing postconviction petition for period before change of law and for period after change of law). We conclude that he was.
"A petitioner has the burden of establishing that a delay in filing his postconviction petition was not due to his culpable negligence." People v. Mitchell, 296 Ill.App.3d 930, 933, 231 Ill.Dec. 373, 696 N.E.2d 365 (1998). Defendant offers no reason for his delay in filing a petition until over 40 months after Cervantes was issued. See People v. Hampton, 349 Ill. App.3d 824, 828, 283 Ill.Dec. 421, 807 N.E.2d 1262 (2004) (petition untimely where the defendant did not allege any facts to show lack of culpable negligence).
The Act sets three years as the outer time limit beyond which a defendant must demonstrate that his filing was not due to culpable negligence; here, defendant's unexplained, over 40-month delay after the change in case law exceeds that threshold. "[W]hether delay is due to culpable negligence depends not only on when the claim is discovered [by the defendant] but [also] on how promptly the defendant takes action after the discovery." People v. Davis, 351 Ill.App.3d 215, 218, 286 Ill. Dec. 456, 813 N.E.2d 1149 (2004). In Davis, this court found culpable negligence where a defendant did not discover his postconviction claim until nine months after his conviction but then waited another two years to file his petition. Davis, 351 Ill.App.3d at 218, 286 Ill.Dec. 456, 813 N.E.2d 1149. Likewise, here, though defendant's delay in filing his petition until after Cervantes was issued was not due to culpable negligence, his 40-month delay after Cervantes, without further explanation, cannot be excused.
Defendant's unexplained delay in filing his petition also distinguishes this case from Wilburn, Lee, and Hernandez. We agree that a relatively short amount of time, such as the 2-, 11-, and 16-month delays in Lee, Hernandez, and Wilburn, respectively, can lead to the conclusion that a defendant was not culpably negligent in filing his postconviction petition. Here, however, the over three-year delay, for which defendant offers no explanation, must be attributed to defendant's culpable negligence. Thus, the trial court should have granted the State's motion to dismiss defendant's petition as untimely.
Defendant asserts that his petition cannot be considered untimely, because Cervantes rendered his conviction void, and a void conviction may be challenged *117 at any time in any proceeding where the trial court has jurisdiction. See People v. Flowers, 208 Ill.2d 291, 308, 280 Ill.Dec. 653, 802 N.E.2d 1174 (2003). "Whether a judgment is void or voidable presents a question of jurisdiction." People v. Davis, 156 Ill.2d 149, 155, 189 Ill. Dec. 49, 619 N.E.2d 750 (1993). Where jurisdiction is lacking, any resulting judgment rendered is void. Davis, 156 Ill.2d at 155, 189 Ill.Dec. 49, 619 N.E.2d 750. On the other hand, a voidable judgment is one entered erroneously by a court having jurisdiction. Davis, 156 Ill.2d at 155, 189 Ill.Dec. 49, 619 N.E.2d 750. Once a court has acquired jurisdiction, it may not lose it because it makes a mistake in determining the facts, the law, or both. Davis, 156 Ill.2d at 156, 189 Ill.Dec. 49, 619 N.E.2d 750. A judgment or decree is void where a court exceeds its jurisdiction. Davis, 156 Ill.2d at 156, 189 Ill.Dec. 49, 619 N.E.2d 750. Here, the trial court did not exceed its jurisdiction in accepting defendant's plea, even if its admonishment regarding the minimum sentence proved to be erroneous. Nor did the trial court exceed its statutory power in imposing defendant's 12½-year sentence, which, even after Cervantes, falls within the 6- to 30-year range for his crime. See People v. Thompson, 209 Ill.2d 19, 24, 282 Ill.Dec. 183, 805 N.E.2d 1200 (2004) ("a sentence which does not conform to a statutory requirement is void"); 720 ILCS 5/33A-3(a) (West 1992) (classifying armed violence as a Class X felony); 730 ILCS 5/5-8-1(a)(3) (West 1992) (6- to 30-year sentencing range for Class X felonies). Defendant's conviction and sentence are not void, but merely voidable, and thus he cannot challenge them at any time in any proceeding as he could a void judgment.
Defendant also argues that by Public Act 93-605, effective November 2003 (Pub. Act 93-605, § 15, eff. November 19, 2003), the legislature amended the Act and deleted the three-year time limit for filing a postconviction petition if no direct appeal is filed.[1] He asserts that it would be unfair to punish him for filing his petition before the amendment, which, he claims, allowed a defendant who did not appeal his conviction to file a petition at any time. However, we need not determine whether the version of the Act that defendant cites contained a time limitation for filing a petition in a case in which no direct appeal is filed, because the limitations period applicable to the filing of a defendant's postconviction petition comes from the statute that was in effect at the time the petition was filed. People v. Walker, 331 Ill.App.3d 335, 339 n.1, 331 Ill.App.3d 335, 772 N.E.2d 758 (2002). To the extent defendant argues the unfairness of applying the version of the Act in effect at the time he filed his petition, we note that our role is merely to interpret the Act, and not to decide the wisdom of its provisions or amendments. Because we hold that defendant's petition should have been dismissed as untimely, we do not reach his remaining contentions on appeal.
For the reasons given, we affirm the judgment of the circuit court of Kane County.
Affirmed.
GROMETER and BYRNE, JJ., concur.
NOTES
[1] The version of the Act defendant cites was later amended, and the amended version of the Act clearly contains a three-year time limitation. See 725 ILCS 5/122-1(c) (West 2004).