Sixth Division
February 22, 2008

No. 1-06-1338

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 98 CR 6292 |
| | ) | |
| WHURRY BUMPERS, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Marcus R. Salone, |
| | ) | Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

In November 2000, defendant Whurry Bumpers pled guilty to the June 1997 first-degree murder of Charlene Williams. Pursuant to an agreement, the trial court sentenced defendant to a term of 45 years in the Illinois Department of Corrections (IDOC). In November 2004, defendant mailed his *pro se* postconviction petition to the trial court. In his petition, defendant alleged that he was denied his right to due process because the trial court failed to admonish him that he would have to serve a 3-year period of mandatory supervised release (MSR) in addition to his 45-year sentence. The State filed a motion to dismiss defendant's *pro se* postconviction petition as untimely. Following a hearing, the trial court granted the State's motion.

On appeal, defendant argues that (1) the trial court erred in dismissing his postconviction petition because he made a substantial showing that he was denied his right to due process when he was not admonished about the 3-year term of MSR and he was not culpably negligent in filing his petition a year late; and (2) he received unreasonable assistance of postconviction counsel due to his counsel's failure to amend the postconviction petition to include a claim that the delay in

filing was not a result of defendant's culpable negligence.

On November 28, 2000, the trial court conducted defendant's plea hearing. After a Supreme Court Rule 402 conference (177 Ill. 2d R. 402) was held, defendant pled guilty to first-degree murder in exchange for a sentence of 45 years. At the plea hearing, the State offered the following factual basis. On June 29, 1997, defendant was with Charlene Williams in an alley near 7700 South Western in Chicago. Defendant and Williams smoked cocaine and engaged in sexual intercourse. At some point, defendant thought that Williams was taking money and cocaine from his pocket so he grabbed her throat and continued squeezing until she was dead. Defendant then fled the scene. Defendant gave a handwritten confession to the police describing those facts. Additionally, vaginal swabs were taken from Williams and a DNA analysis of the semen found matched defendant.

The State also offered proof of defendant's prior convictions in three cases. In the first case, defendant pled guilty to criminal sexual assault and unlawful restraint. Defendant pled guilty in the second to counts of aggravated criminal sexual assault, aggravated battery and aggravated unlawful restraint. In the final case, defendant was convicted of retail theft.

Following the imposition of the sentence, the trial court explained the various rights that defendant was forfeiting by pleading guilty. The court admonished defendant about the process he needed to follow in order to withdraw his guilty plea and file a posttrial motion. However, the trial court failed to advise defendant that he would be required to complete a 3-year term of MSR in addition to his 45-year sentence. At the conclusion of the hearing, defendant pled guilty in another case for failure to register as sex offender and the trial court sentenced defendant to one

year in the IDOC to be served concurrent with his 45-year sentence. No admonishments were given related to this plea.

Defendant did not file any posttrial motions or pursue a direct appeal. On August 6, 2003, defendant filed a *pro se* motion requesting a copy of his trial record because "there were possibly some errors made during the plea bargain and we need to review the record to insure Mr. Bumpers justice." On August 19, 2003, the trial court denied defendant's motion because the court did not have jurisdiction to grant the request.

On November 24, 2004, defendant mailed his *pro se* postconviction petition to the trial court, which was entered on December 9, 2004. In this petition, defendant contended that he was denied his right to due process because the trial court failed to advise him about the 3-year period of MSR to follow his 45-year sentence. Defendant attached his affidavit in support of his petition. In his affidavit, defendant stated that "the application of the 3 year MSR term came as a complete surprise, where [he] learned of its application to [his] sentence in the year of 2003" by the clinical services department in the IDOC.

In December 2004, the court appointed the public defender to represent defendant on his postconviction petition. In September 2005, defendant's attorney filed a supplemental postconviction petition which realleged defendant's due process claim and raised a new claim that defendant was not properly admonished about his appellate rights as required by Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)). Defendant's counsel also attached a copy of the transcript from defendant's November 2000 plea hearing.

In March 2006, the State filed a motion to dismiss defendant's postconviction petition.

The State contended that defendant's petition was untimely and defendant failed to show that the delay was not due to defendant's culpable negligence. In April 2006, the trial court conducted a hearing on the State's motion to dismiss. Defendant's attorney offered an affidavit from defendant's father to the court and the State. Defendant's father explained that defendant asked him to get defendant's trial records to see if there was a problem with defendant's plea. Defendant's father attempted to get the transcripts on August 10, 2003, but was told there were no transcripts because it was a plea. He returned on July 27, 2004, and was told he could get the transcripts if he paid $60. On August 10, 2004, defendant's father paid the clerk and was told it would take about two weeks to receive the records. At the conclusion of the hearing, the trial court granted the State's motion, finding that defendant was "negligent" and brought his petition in an "untimely manner."

This appeal follows.

On appeal, defendant argues that the trial court erred in dismissing his postconviction petition because he made a substantial showing that he was denied his right to due process when the trial court failed to advise him about a 3-year term of MSR to be served in addition to his 45-year sentence and he was not culpably negligent in filing his petition a year late. The State maintains that defendant was culpably negligent in filing his untimely petition. Two points in this case are undisputed: (1) that the trial court failed to inform defendant that he would be required to serve a 3-year period of MSR in addition to his 45-year sentence; and (2) that defendant's *pro se* postconviction petition was not filed within the appropriate statutory time frame.

The Illinois Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122-1

through 122-8 (West 2004)) provides a tool by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. 725 ILCS 5/122-1(a) (West 2004); People v. Coleman, 183 Ill. 2d 366, 378-79 (1998). Postconviction relief is limited to constitutional deprivations which occurred at the original trial. Coleman, 183 Ill. 2d at 380.

We first consider whether defendant was culpably negligent in filing his postconviction petition. Under section 122-1(c) of the Post-Conviction Act, "[i]f a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2004). Here, the date of defendant's conviction was November 28, 2000, and his postconviction petition was filed with the trial court on December 9, 2004. A trial court's findings of fact regarding whether a petition's untimeliness was due to culpable negligence will not be reversed unless manifestly erroneous, but the trial court's ultimate conclusion as to whether the established facts demonstrate culpable negligence is reviewed *de novo*. People v. Ramirez, 361 Ill. App. 3d 450, 452 (2005). Here, the trial court made no findings of fact regarding the timeliness issue, and thus our review is *de novo*.

"Culpable negligence has been defined as '[n]egligent conduct that, while not intentional, involves a disregard of the consequences likely to result from one's actions.' " People v. Boclair, 202 Ill. 2d 89, 106 (2002), quoting Black's Law Dictionary 1056 (7th ed.1999). "Culpable negligence has also been defined as 'something more than negligence' involving 'an indifference to, or disregard of, consequences.' " Boclair, 202 Ill. 2d at 106, quoting 65 C.J.S. Negligence

1-06-1338

§19, at 308 (2000). The supreme court has held that culpable negligence "contemplates something greater than ordinary negligence and is akin to recklessness." Boclair, 202 Ill. 2d at 108. "This definition more than adequately ensures that the portion of the statute permitting a petitioner to file an untimely petition so long as he 'alleges facts showing that the delay was not due to his culpable negligence' (725 ILCS 5/122-1 (West 1994)) does not stand as empty rhetoric." People v. Rissley, 206 Ill. 2d 403, 420 (2003). Moreover, "this definition comports with our long-held view that the Act in general must be 'liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights.' " Rissley, 206 Ill. 2d at 421, quoting People v. Correa, 108 Ill. 2d 541, 546 (1985).

Here, the State contends that defendant was culpably negligent in filing an untimely postconviction petition because defendant's ignorance of the law and failure to obtain a transcript do not legally excuse an untimely petition. As the State notes, " '[a]ll citizens are presumptively charged with knowledge of the law.' " Boclair, 202 Ill. 2d at 104, quoting Atkins v. Parker, 472 U.S. 115, 130, 86 L. Ed. 2d 81, 93, 105 S. Ct. 2520, 2529 (1985).

However, the decision in People v. Whitfield, 217 Ill. 2d 177 (2005), considered the situation in which a defendant was not admonished about his term of MSR and did not find out about it until a later date. In Whitfield, as in the instant case, the defendant was not admonished about his mandatory 3-year term of MSR and raised this constitutional violation in a postconviction petition. There, the State asked to remand for evidentiary hearing in which the defendant would be required to prove that he was unaware of the period of MSR. The supreme court pointed out that "it is unclear what sort of additional showing defendant could provide

6

which would establish his lack of knowledge," and even if "[the] defendant had some level of general knowledge about MSR terms as a result of his criminal history or evidence could be mustered which would show that MSR was discussed during plea negotiations, it would not establish what defendant reasonably understood the terms of his plea agreement to be at the time he pled guilty." Whitfield, 217 Ill. 2d at 200. Most importantly, the Whitfield court noted, "due process requires that it be evident from the record that a defendant's plea of guilty is entered with full knowledge of the consequences." Whitfield, 217 Ill. 2d at 200. The supreme court concluded that "[w]here, as here, the record contains no evidence which affirmatively shows that defendant knew that he would be subject to an MSR term, defendant's alleged unawareness must be taken as true." Whitfield, 217 Ill. 2d at 200.

We conclude that the supreme court's finding in Whitfield is instructive to the State's charge that defendant was culpably negligent for not knowing about his period of MSR in order to file a timely postconviction petition. As previously stated, the trial court did not admonish defendant about his mandatory 3-year term of MSR to be served in addition to his 45-year sentence. There is nothing in the record to indicate that defendant had any knowledge of the mandatory term of MSR. In accordance with Whitfield, we take defendant's statement that he was not informed of the required term of MSR until 2003 as true. Thus, the question for us to consider is whether defendant was culpably negligent in filing his postconviction petition after he discovered the error by the trial court.

Defendant stated in an affidavit submitted to the trial court that "he began pursuing his post-conviction in August 2003 [three months before the deadline to file a timely postconviction

7

petition] but was unable to obtain his sentencing transcripts." The record shows that in August 2003 defendant filed a *pro se* motion requesting a copy of his trial record because "there were possibly some errors made during the plea bargain and we need to review the record to insure Mr. Bumpers justice." The affidavit of defendant's father describes the multiple attempts he made to request transcripts of defendant's proceedings. First, in August 2003, defendant's father was told that there were no transcripts. Later, in July 2004, he was told he could request them, but needed to pay $60 to do so. In August 2004, he then returned with the money and ordered defendants' transcripts, which would take two weeks to complete. Defendant mailed his postconviction petition to the trial court approximately three months after he received the transcripts.

Considering defendant's subsequent actions after learning about the possibility of a constitutional error in light of the supreme court's definition of culpable negligence as "something greater than ordinary negligence and is akin to recklessness" (Boclair, 202 Ill. 2d at 108), we find that defendant was not culpably negligent in filing his postconviction petition a year after the statutorily imposed deadline. Upon discovering the requirement that he serve a 3-year term of MSR, defendant immediately took action to obtain his transcripts to determine the viability of this claim. Once defendant received these transcripts and verified that he had not been admonished about the MSR term, he prepared and mailed his postconviction petition within three months. In light of the record, we cannot view defendant's actions as a reckless disregard for his postconviction claims.

Defendant cites the following two cases as support in finding that he was not culpably negligent despite a one-year delay in filing his postconviction petition. In People v. Wilburn, 338

Ill. App. 3d 1075, 1078 (2003), the Third District found that the defendant was not culpably negligent in filing his postconviction petition 16 months after a new case establishing the defendant's postconviction claims was issued and four years after the defendant's statutory deadline had passed. Similarly, in People v. Hernandez, 296 Ill. App. 3d 349, 352 (1998), the Second District found that a defendant was not culpably negligent even though there was an 11-month delay in filing a postconviction petition after the issuance of a new case.

The State attempts to distinguish Wilburn and Hernandez because the filings of the postconviction petitions in those cases were based on new law, which is not the case here. While the reasons for filing the petitions differ, the conclusion in those cases is helpful here when considering the time that passed from the discovery of a valid postconviction claim and the filing of the petition. Our analysis does not depend on how the defendant discovered the new claim, but what he did in the interim between discovery and filing the petition. For that reason, the decisions in Wilburn and Hernandez lend support here because the reviewing courts found that the defendants' actions in filing their respective petitions did not constitute culpable negligence.

We also point out that defendant cites People v. Ramirez, 361 Ill. App. 3d 450 (2005), as further support of the holdings in Wilburn and Hernandez. In Ramirez, the Second District found the defendant to have been culpably negligent in filing his postconviction petition more than three years after the issuance of a new case to support a postconviction claim. Ramirez, 361 Ill. App. 3d at 453-54. In reaching its decision, the Ramirez court considered Wilburn and Hernandez and found "a relatively short amount of time, such as the 2-, 11-, and 16-month delays in [People v.] Lee, [326 Ill. App. 3d 882 (2002)], Hernandez, and Wilburn, respectively, can lead to the

9

conclusion that a defendant was not culpably negligent in filing his postconviction petition." Ramirez, 361 Ill. App. 3d at 454. In contrast to those cases, the reviewing court in Ramirez found that the delay of more than three years, without an explanation, could only be due to the defendant's culpable negligence. Ramirez, 361 Ill. App. 3d at 454.

Moreover, we find People v. Davis, 351 Ill. App. 3d 215 (2004), a case relied on by the State, supports our conclusion that defendant was not culpably negligent. In Davis, the defendant filed his postconviction petition eight months after the statutory deadline had passed. In his petition, the defendant contended that he received ineffective assistance of counsel because his attorney failed to file an appeal, even though the defendant had expressed a desire to appeal. The defendant argued that he was not culpably negligent because he believed his attorney had filed an appeal. Davis, 351 Ill. App. 3d at 216. However, the State pointed out a letter, dated more than two years before the defendant filed his petition, in which the defendant admitted that his attorney was not assisting in an appeal. Davis, 351 Ill. App. 3d at 216-17. The defendant admitted that he had known for more than two years prior to filing his petition of his attorney's failure to appeal, but contended that he was not culpably negligent because he filed within three years of learning that his attorney had not appealed. The defendant advocated the use of the discovery rule in determining timeliness of a postconviction petition. Davis, 351 Ill. App. 3d at 217.

The reviewing court concluded that the discovery rule does not apply to postconviction proceedings. "The General Assembly could have easily provided *** that a postconviction petition may be filed within three years after the discovery of a constitutional violation cognizable under the Act. However, the General Assembly chose not to do so, providing instead a more

10

general exception to the time limits in cases where delay is not due to culpable negligence." Davis, 351 Ill. App. 3d at 218. The Davis court noted "whether delay is due to culpable negligence depends not only on when the claim is discovered but on how promptly the defendant takes action after the discovery." Davis, 351 Ill. App. 3d at 218. In that case, the defendant knew of the postconviction claim more than two years before the statutory deadline, but he did not file within the time frame and the court found that he was culpably negligent for failing to file within the time limits. Davis, 351 Ill. App. 3d at 218.

The decision in Davis further indicates that courts should look at the actions of the defendant after discovering a postconviction claim. There, the defendant knowingly let the deadline to file pass. In contrast, defendant in the instant case began to investigate his claim and presented evidence in the record of his efforts in pursuing his postconviction claim. Once defendant became aware of his postconviction claim regarding the trial court's failure to admonish him of his period of MSR, he actively pursued his claim. Defendant's actions do not show a disregard of his rights or any sort of recklessness contained in the meaning of culpable negligence.

The State also cites People v. Diefenbaugh, 40 Ill. 2d 73 (1968), for the proposition that "mere attempts to obtain transcripts cannot excuse culpable negligence." However, the circumstances in Diefenbaugh are distinguishable from the instant case. In that case, the defendant filed his postconviction petition more than three years after the statutory deadline. He argued on appeal that the delay was due to the trial court's failure to respond to his requests for trial transcripts. Diefenbaugh, 40 Ill. 2d at 74. These requests consisted of three letters, one filed in 1958, the next in 1960 and the last in 1963. The first request was denied, but the record did

11

not include a disposition of the latter two. According to a writ of error, the transcripts were given to defendant and filed in the court in 1962. The defendant filed his postconviction petition in 1966. Diefenbaugh, 40 Ill. 2d at 74-75. The reviewing court found that "[a] mere allegation that he was unable to obtain a second trial-court transcript does not establish his freedom from culpable negligence in failing to file his petition within the required time designated by statute." Diefenbaugh, 40 Ill. 2d at 75.

In contrast to Diefenbaugh, defendant's quest to obtain transcripts only lasted a year and once he received them, he prepared and filed his postconviction petition. Instead, the defendant in Diefenbaugh received one set of transcripts, but waited four years before filing his petition. For this reason, we find Diefenbaugh to be distinguishable from the instant case.

Since we have found that defendant was not culpably negligent in filing his untimely postconviction petition, we turn to the merits. It is undisputed that the trial court failed to admonish defendant that he would be required to serve a 3-year term of MSR after completing his 45-year sentence. Moreover, the State has failed to offer any argument as to the merits of defendant's postconviction claim.

The supreme court considered this exact issue in Whitfield, cited above, and we find that it is controlling here. In Whitfield, the defendant had entered a negotiated guilty plea in exchange for concurrent 25-year and 6-year prison terms. However, the trial court failed to admonish the defendant that, upon completion of his sentence, he would be subject to an additional 3-year period of MSR under section 5-8-1(d)(1) of the Unified Code of Corrections (730 ILCS 5/5-8-1(d)(1) (West 2000)). Whitfield, 217 Ill. 2d at 180. As in the present case, the defendant

did not file any postjudgment motions or directly appeal his conviction and he was denied postconviction relief at the second stage of proceedings. Whitfield, 217 Ill. 2d at 180. Also like this case, the defendant did not request that his plea be withdrawn; instead, he sought to enforce the bargained terms of his plea agreement by reducing his sentence from 25 years' imprisonment with the added 3-year term of MSR to 22 years' imprisonment with the added 3-year term of MSR. Whitfield, 217 Ill. 2d at 181.

The supreme court held that the defendant had established a substantial violation of his constitutional rights because he pled guilty in exchange for a specific sentence and the addition of the MSR resulted in a sentence "more onerous than the one defendant agreed to at the time of the plea hearing." Whitfield, 217 Ill. 2d at 195. The Whitfield court stated that it had little doubt that neither the prosecutor nor the trial court intended to impose a sentence without the statutorily mandated MSR term as " 'the State has no right to offer the withholding of such a period as a part of the plea negotiations and *** the court has no power to withhold such period in imposing sentence.' " Whitfield, 217 Ill. 2d at 200-01, quoting People v. Brown, 296 Ill. App. 3d 1041, 1043 (1998). In any event, the court determined that the addition of the MSR constituted an unfair breach of the plea agreement. Whitfield, 217 Ill. 2d at 201.

Like the defendant in Whitfield, defendant's constitutional right to due process was violated in this case because it is undisputed that defendant was not admonished that a mandatory 3-year term of MSR would be added to his 45-year sentence. We point out, as did the supreme court in Whitfield, that the order of sentence and commitment found in the record indicates that defendant was sentenced on the murder count to 45 years and it makes no reference to the

13

1-06-1338

three-year mandatory supervised release term required by law. Thus, defendant has received a more onerous sentence than that to which he pled guilty.

Having found that defendant has established a deprivation of his constitutional rights, we must determine the appropriate remedy. In Whitfield, the supreme court held that there are two possible remedies when a defendant does not receive the "benefit of the bargain": (1) the promise must be fulfilled; or (2) the defendant must be given an opportunity to withdraw his plea. Whitfield, 217 Ill. 2d at 202, citing Santobello v. New York, 404 U.S. 257, 262-63, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499 (1971). The defendant in Whitfield requested enforcement of his negotiated plea agreement. After conceding that a term of MSR is statutorily mandated and cannot be struck, the defendant asked that his sentence be modified to 22 years' imprisonment plus 3 years of MSR to approximate the bargain that was struck between the parties. Whitfield, 217 Ill. 2d at 203. The supreme court found this remedy to be appropriate and vacated the defendant's sentence and imposed a sentence of 22 years' imprisonment with a 3-year term of MSR. Whitfield, 217 Ill. 2d at 205.

Here, defendant requests the same remedy imposed in Whitfield. He asks us to reduce his 45-year sentence to 42 years' imprisonment with a 3-year term of MSR. We follow the supreme court's directive in Whitfield. Accordingly, we find it appropriate to reduce defendant's sentence to a term of 42 years of imprisonment, to be followed by the mandatory 3-year term of supervised release.

Since we have found that defendant is entitled to postconviction relief, we need not consider whether defendant's postconviction counsel's assistance was unreasonable.

14

1-06-1338

Based on the foregoing reasons, we reverse the judgment of the circuit court of Cook County, vacate defendant's sentence and remand to the circuit court with directions that it impose a sentence of 42 years' imprisonment, to be followed by a term of 3 years' mandatory supervised release.

Reversed; cause remanded with directions.

J. GORDON and O'MALLEY, JJ., concur.