THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DANIEL GEROW, Defendant-Appellee.

First District (3rd Division)   No. 1—07—3018

Opinion filed February 11, 2009.—Rehearing denied March 26, 2009.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Allan J. Spellberg, and Anthony M. O'Brien, Assistant State's Attorneys, of counsel), for appellant.

Patricia Unsinn and Katherine M. Donahoe, both of State Appellate Defender's Office, of Chicago, for appellee.

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

On April 5, 2007, defendant filed a postconviction petition pursu-

ant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2004)), requesting a three-year reduction in his sentence in accordance with *People v. Whitfield*, 217 Ill. 2d 177 (2005). The petition was filed 5 years after defendant's conviction and 27 months after the 3-year timely filing window closed for postconviction petitions established by section 122—1(c) of the Act. 725 ILCS 5/122—1(c) (West 2004). On September 28, 2007, the circuit court denied the State's motion to dismiss and granted defendant's petition, modifying his sentence pursuant to *Whitfield*. The State did not have the opportunity to answer the petition and did not file a motion to reconsider. The State filed a certificate of impairment and appeals the trial court's order.

## I. BACKGROUND

On December 18, 2001, defendant entered a plea agreement on charges of predatory criminal sexual assault of a child under section 12—14.1 of the Criminal Code of 1961. 720 ILCS 5/12—14.1(a)(1) (West 2000). In exchange for the guilty plea, defendant received a 10-year sentence in the Illinois Department of Corrections. At the time the plea bargain was entered, the defendant had not been properly admonished about the three-year mandatory supervised release (MSR) term that would be statutorily appended to the sentence. At the time the plea agreement was entered, defendant was serving a 46-month federal sentence in federal prison. On January 18, 2005, 37 months after the Illinois sentencing, defendant was released from federal custody and transferred to the Illinois Department of Corrections to complete the Illinois sentence. Defendant alleges that it was at the time of this transfer that he first learned about the additional MSR term to be added to his sentence.

On April 5, 2007, more than 26 months after learning about the MSR term and approximately 5 years after entering the plea agreement, defendant filed the postconviction petition. Defendant asserted that the decision in *Whitfield* required a 3-year reduction of his 10-year sentence to account for the MSR term that he was not admonished about requesting the sentence reduction. Defendant did not provide any explanation for his delay in filing his petition. Defendant attached a copy of the transcript of his plea and a copy of the *Whitfield* decision. No affidavits were attached to verify the petition or supply facts to excuse the delay in filing.

The petition survived the first-stage frivolity assessment and was considered by the trial court at the second stage. In response to defendant's petition, the State filed a motion to dismiss arguing, *inter alia*, that defendant was culpably negligent for failing to file his peti-

tion within three years of sentencing. On August 28, 2007, the State and counsel for defendant presented argument to the court on the State's motion to dismiss. The trial court took the matter under advisement to consider the parties' arguments and case law.

On September 28, 2007, the trial court stated that it had looked at the State's timeliness argument and thought about the issue. The trial court then stated that it might be an issue ripe for an appeal and then concluded that, as it was clear that it had failed to admonish defendant of the MSR period, the spirit of the finding in *Whitfield* compelled a reduction of defendant's sentence by three years. The State did not file a motion to reconsider. On October 12, 2007, the State filed a certificate of impairment and notice of appeal.

## II. ANALYSIS

### A. Post-Conviction Hearing Act and the Standard of Review

Under the Act, a petition must be verified by affidavit and filed within three years from the date of conviction. 725 ILCS 5/122—1(b), (c) (West 2004). If the petition is filed later than three years from the date of conviction, the petitioner must allege facts showing that the delay was not due to his culpable negligence. 725 ILCS 5/122—1(c) (West 2004). The petition then must set forth how the petitioner's constitutional rights were violated and attach affidavits, records or other supporting evidence. 725 ILCS 5/122—2 (West 2004).

In cases where the death penalty is not involved, adjudication of a postconviction petition follows a three-stage process. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). At the first stage of this process, the court is required to review the petition within 90 days of filing and docketing of the petition and determine whether it is frivolous or patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2004). The circuit court's review at this first stage is independent, as the Act does not permit any further pleadings from the defendant, or any motions, responsive pleadings, or other input from the State. *Gaultney*, 174 Ill. 2d at 418.

If the petition survives the first stage, the defendant moves to the second stage. At the second stage, counsel must consult with the defendant, examine the record, and amend the petition, if necessary, to ensure that the defendant's contentions are adequately presented. *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). Within 30 days of the docketing of an order allowing the petition to proceed, the State may move to dismiss the petition pending before the trial court. *Pendleton*, 223 Ill. 2d at 472. At the second stage, "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473. If a motion to dismiss is

denied, the State must file an answer to the petition within 20 days after denial. 725 ILCS 5/122—5 (West 2004). In the third stage, the trial court then may receive evidentiary proof via affidavits, depositions, testimony, or other evidence, and may order the petitioner brought before the court. 725 ILCS 5/122—6 (West 2004).

On appeal, the standard by which second-stage dismissals of post-conviction petitions are reviewed is *de novo*. *Whitfield*, 217 Ill. 2d at 182. This case involves a petition at the second stage. A trial court's findings of fact regarding whether a petition's untimeliness was due to culpable negligence will not be reversed unless manifestly erroneous. *People v. Caballero*, 179 Ill. 2d 205, 214 (1997). However, the trial court's ultimate conclusion as to whether the established facts demonstrate culpable negligence is reviewed *de novo*. *People v. Wilburn*, 338 Ill. App. 3d 1075, 1077 (2003). Here, the trial court made no findings of fact regarding the timeliness issue, and thus our review is *de novo*. *People v. Ramirez*, 361 Ill. App. 3d 450, 452 (2005).

## B. Timeliness Issue

The parties agree that defendant was not properly admonished about his MSR term at the time of sentencing. A defendant who has not been admonished about MSR terms before entering a plea bargain has suffered a substantial violation of constitutional rights because he does not receive the benefit of his plea bargain. *Whitfield*, 217 Ill. 2d at 201. This violation can entitle a defendant to postconviction relief. *Whitfield*, 217 Ill. 2d at 202. However, the question of remedy and whether defendant was admonished is clear and not at issue here. The question on appeal is whether defendant's delay after learning about the violation of his constitutional rights requires dismissal of the petition.

As noted above, if the three-year window for filing a postconviction petition expires, a defendant must allege facts that show the late filing is not due to his culpable negligence. 725 ILCS 5/122—1(c) (West 2004). If the defendant fails to properly allege such facts and the State moves to dismiss the postconviction petition at the second stage, the trial court is directed to dismiss the petition as untimely barring amendment by the defendant. *People v. Perkins*, 229 Ill. 2d 34, 43 (2008). Here, defendant filed the postconviction petition over five years after reaching the plea agreement and more than two years after the three-year filing period. Therefore, the State concludes that to withstand dismissal pursuant to the Act, defendant must allege facts showing that his delay in filing a petition for postconviction relief is not due to his culpable negligence.

Defendant first argues that the State procedurally forfeited the

claim that the 27-month delay constituted culpable negligence. Defendant claims that the State cannot raise the timeliness issue here on appeal because it was not raised below at the trial court. However, defendant also claims that in rendering its decision after continuing the matter to consider all arguments, the trial court specifically noted and rejected the timeliness issue. We agree with the State that its arguments on appeal were sufficiently raised below. In its motion to dismiss the defendant's postconviction petition, the State addressed the timeliness issue specifically in its final argument titled:

"The Rule Announced in *Whitfield* does not Apply Retroactively Where This Case Was not on Collateral Review at the Time of the Decision and Where, *Petitioner is not Entitled to Relief Where He is Culpably Negligent for Filing an Untimely [Postconviction] Petition.*" (Emphasis added.)

Furthermore, within this section, the State argued:

"The [Act] requires that all claims be filed no more than three years after the date of conviction if a petitioner does not file a direct appeal. A delay in filing may be excused if a petitioner [defendant] alleges facts showing that the delay was not due to his culpable negligence. *** Although a delay in filing a first [postconviction] petition may be excused when the petition is based on the issuance of a new case which changes the law applicable to a petitioner's claim (*People v. Hernandez*, 296 Ill. App. 3d 349 (1998)), the *Whitfield* decision did not change the law applicable to petitioner's claim."

Accordingly, the State clearly introduced the timeliness issue. Additionally, the State's discussion of new case law supported the argument that defendant was culpably negligent in waiting so long to file the postconviction petition. The trial court recognized this argument in rendering its holding on the motion to dismiss and defendant's petition. While the trial court did not make any factual finding regarding culpable negligence, it denied the motion to dismiss by saying that it just might be an issue ripe for appeal.

The State also argues that defendant should have filed his postconviction petition within the three-year timely filing period because plea admonitions are irrelevant to a defendant's duty to timely file a collateral action. We reject this argument. We will not presume a defendant has knowledge of the MSR term before he has been admonished about it. We will treat ignorance of the law as possibly an important part of a valid explanation for late filing. Therefore, we concentrate on whether defendant explained his delay in filing his petition almost 27 months after he learned about the MSR term. The validity of defendant's postconviction petition turns on the meaning of culpable negligence and whether the alleged exculpating facts are suf-

ficient to excuse a filing delay of almost 27 months. Illinois precedent is illuminating, but not dispositive to the case at hand.

In *People v. Boclair*, 202 Ill. 2d 89, 102 (2002), our supreme court concluded that issues of timeliness may properly be raised by the State at the second stage. The *Boclair* court continued on to explore the definition of culpable negligence, opining that an acceptable definition of culpable negligence is "contemplat[ing] something greater than ordinary negligence and is akin to recklessness." *Boclair*, 202 Ill. 2d at 108. The court recognized that the definition of culpable negligence is not precise. It also approved of marginally different definitions such as "a ' "conscious choice of a course of action, in disregard of the consequences" ' that might follow" and " ' '[n]egligent conduct that, while not intentional, involves a disregard of the consequences likely to result from one's actions.' " *Boclair*, 202 Ill. 2d at 106 (quoting *People v. Wilson*, 143 Ill. 2d 236, 248 (1991), and Black's Law Dictionary 1056 (7th ed. 1999), respectively).

Several Illinois courts have considered culpable negligence as applied to postconviction petitions filed after the statutory three-year window. Defendant has argued several other cases have addressed the culpable negligence issue as it relates to untimely filing. Many cases have found no culpable negligence even in significant delays in filing after the deadline. In *People v. Hernandez*, 296 Ill. App. 3d 349 (1998), the defendant filed a postconviction petition approximately 11 months after new case law introduced the possibility of relief. *Hernandez*, 296 Ill. App. 3d at 352. The *Hernandez* court found the 11-month delay did not constitute culpable negligence. In another case where new case law introduced the possibility of relief, the defendant was allowed to file a postconviction petition eight years late but only two months after a new case was published. *People v. Lee*, 326 Ill. App. 3d 882 (2001). The court in *People v. Wilburn*, 338 Ill. App. 3d 1075 (2003), allowed a postconviction petition that was filed 16 months after our supreme court established a new valid claim. The *Wilburn* court did not explain its reasoning for its decision that a 16-month delay did not constitute culpable negligence.

Some courts have held that a lengthy delay in filing after the timely filing deadline constitutes culpable negligence. In *People v. Davis*, 351 Ill. App. 3d 215 (2004), the court rejected the argument that the three-year timely filing period should begin only after a defendant learns of the possibility of a claim. *Davis*, 351 Ill. App. 3d at 217. The *Davis* court explained that "whether the delay is due to culpable negligence depends not only on when the claim is discovered but on how promptly the defendant takes action after the discovery." *Davis*, 351 Ill. App. 3d at 218. The court held that a greater than two-

year delay in filing, with no adequate excuse, amounted to culpable negligence, and the court affirmed the dismissal of the defendant's postconviction petition.

In *People v. Ramirez*, 361 Ill. App. 3d 450 (2005), the defendant waited 40 months to file his postconviction petition. In *Ramirez*, the court said, "[w]e agree that a relatively short amount of time, such as the 2-, 11-, and 16-month delays in *Lee, Hernandez*, and *Wilburn*, respectively, can lead to the conclusion that a defendant was not culpably negligent in filing his postconviction petition. Here, however, the over three-year delay, for which defendant offers no explanation, must be attributed to defendant's culpable negligence." *Ramirez*, 361 Ill. App. 3d at 454. We agree with the State that this case is in line with *Ramirez* and a nearly 27-month delay without any explanation must be attributed to defendant's culpable negligence.

Defendant asserts that this court must construe the Act liberally to afford him the right to advance his claim of a violation of his constitutional rights. *People v. Rissley*, 206 Ill. 2d 403, 421 (2003). Defendant notes that the State has not disputed his claim that he did not learn about the MSR term until he was transferred out of federal prison. Defendant contends that following a rigid timeline would violate this view, and because he was unaware of the MSR period, he states that, like the defendants in *Whitfield, Hernandez* and *Wilburn*, he could not have raised the error within three years of his conviction. Furthermore, defendant claims that unlike in *Ramirez*, he did not have a straightforward claim and needed time to investigate whether his situation fit the holding in *Whitfield*.

This court recently addressed and rejected this argument under a postconviction petition requesting relief pursuant to *Whitfield. People v. Molina*, 379 Ill. App. 3d 91 (2008). While the petition in *Molina* was filed almost six years late, it is otherwise on point with this case. This court rejected the defendant's claim that *Whitfield* represented a change in the law to excuse the untimely filing of his petition. *Molina*, 379 Ill. App. 3d at 98. Therefore, because the defendant did not establish a lack of culpable negligence, the *Molina* court reversed the trial court's grant of postconviction relief. *Molina*, 379 Ill. App. 3d at 99.

As in *Molina*, defendant failed to proffer an excuse for his delay in his postconviction petition as required by the Act. Defendant failed to verify his petition and provide affidavits or other supporting evidence, in itself a deficiency that would support dismissal under the Act. Defendant failed to amend his petition when the State presented its timeliness argument as contemplated by the Act. Defendant finally failed to even raise this issue in his response to the State's motion to

dismiss. Defendant only formally presents an excuse now on appeal. Defendant claims that his almost 27-month delay in filing the postconviction petition was because of "hindrances presented by his incarceration" and that the date the plea transcript was certified by the court reporter indicates a delay in receiving required information.

Such an ambiguous excuse, without verification or more factual support, is insufficient to fulfill the statute's requirement that a defendant must "allege[ ] facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 2004). The allowance of a postconviction petition more than 26 months after the timely filing deadline without excuse is unprecedented in Illinois. On the contrary, Illinois courts, such as the *Davis* court, have decided that similar petitions were time-barred. There were no transcripts that defendant sought or any other issue that would excuse this delay. We are mindful of our supreme court's direction to liberally construe the Act. However, we cannot ignore the plain language of the statute. Therefore, in accordance with the Act and Illinois precedent, we hold that defendant was culpably negligent in filing his postconviction petition beyond three years from his conviction without alleging facts showing that the delay was not due to his culpable negligence. The petition on its face is deficient and the trial court's grant of relief must be reversed.

## III. CONCLUSION

For the foregoing reasons, this cause is reversed and remanded. The trial court is instructed to vacate its order granting defendant postconviction relief and the reduction in sentence. The trial court is ordered to reinstate the sentence originally imposed on defendant pursuant to his plea agreement entered on December 18, 2001.

Reversed and remanded.

THEIS and COLEMAN, JJ., concur.