THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ANTHONY WHEELER, Defendant-Appellee.

First District (1st Division)   No. 1—07—3421

Opinion filed June 8, 2009.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Michele Grimaldi Stein, Tasha-Marie Kelly, and Molly E. Donnelly, Assistant State's Attorneys, of counsel), for the People.

Edwin A. Burnette, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellee.

PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court:

The primary issue on this appeal is whether the trial court erred when it granted a postconviction petition, without first holding an evidentiary hearing. During the pendency of this appeal, the Illinois Supreme Court remanded a similar case for an evidentiary hearing. *People v. Bumpers*, 229 Ill. 2d 632 (2008). Accordingly, we vacate the trial court's order and remand for an evidentiary hearing.

## BACKGROUND

On April 3, 2003, defendant Anthony Wheeler pled guilty, pursuant to a plea agreement, to one count of armed robbery, three counts of aggravated robbery, and three counts of attempted aggravated robbery. The prosecutor stated that for the attempted aggravated robbery offenses, "defendant will be sentenced concurrently to seven years." With respect to the remaining charges, the trial court informed defendant that the "possible penalty is not less than six years, nor more than 30 years." On April 3, 2003, defendant was sentenced to 7 years in prison for each of the attempted aggravated robbery counts and to 30 years for the armed robbery and aggravated robbery counts, with all sentences to run concurrently. Defendant did not file a direct appeal.

In August 2006, defendant filed *pro se* a "Motion for Relief from Judgement," which the trial court subsequently treated as a postconviction petition. Defendant requested a modification of his sentence, because the trial court had failed to admonish him, prior to the entry of his guilty plea, that he was also required to serve a three-year term of supervised release. There is no dispute that the trial court did, in fact, fail to admonish defendant concerning the three-year term of supervised release.

On September 13, 2006, defendant also filed a *pro se* "Petition for Post Conviction Relief" and a "Petition for Leave to File Late Petition for Post Conviction Relief." In support of these petitions, defendant submitted an affidavit stating that the delay in filing his postconviction petition was due to (1) his "transfer from (5) different prisons over the past (3) year[s]," which severely limited "his access to the prison law library, law books and legal advise [*sic*]" and to "his legal

box containing his record of the proceedings" and (2) his confinement for a total of eight months "in an isolated cell as a form of punitive punishment for the allege [*sic*] violations of prison rules." 725 ILCS 5/122—2 (West 2006) (defendant must attach affidavits or other evidence, or explain why they are not attached).

The trial court appointed a public defender to represent defendant. On September 27, 2007, defendant's appointed counsel filed a "Supplemental Petition for Post-Conviction Relief" asking that defendant's commitment order be amended "to reflect 27 years in prison, plus 3 years of mandatory supervised release," so as to enforce the benefit of defendant's plea bargain.

On October 11, 2007, the State moved to dismiss defendant's postconviction petition on timeliness grounds. The State argued, first, that defendant's petition had been filed four months outside of the three-year statute of limitations for postconviction petitions. The Post-Conviction Hearing Act requires that all claims be filed no more than three years after the date of conviction, if a petitioner does not file a direct appeal. 725 ILCS 5/122—1(c) (West 2006). Second, the State argued that the delay in filing was not excusable. A delay in filing may be excused if a petitioner alleges facts showing that the delay was not due to his or her culpable negligence. 725 ILCS 5/122—1(c) (West 2006). In its motion, the State acknowledged the validity of defendant's underlying claim, stating: "Petitioner is correct in alleging that he was not admonished that he must serve a term of mandatory supervised release as part of his 30-year sentence."

On November 7, 2007, defense counsel filed a reply to the State's motion. The reply refers to "a second affidavit executed by [defendant] in November 2007" which "sheds additional light upon [defendant's] individual circumstances" and which is attached to the reply. In this second affidavit, defendant provided two additional reasons to excuse his delay in filing: (1) "that the facility was on a general lockdown for significant periods and that while on general lockdown, inmates have no access to the library or to notaries"; and (2) that the clerk of the court did not respond to defendant's request for a transcript of his guilty plea. In this second affidavit, defendant also elaborated on why the multiple prison transfers hindered his ability to file a petition. Defendant explained "that these transfers separated me from my legal box which contains copies of relevant documents which I did have including my statement of facts and my mittimus."

At a court proceeding held on November 7, 2007, defendant indicated that, after consultation with counsel, he wanted his "Motion for Relief from Judgement" treated as a petition for postconviction relief. The trial court stated that the motion would be so treated.

Also at the proceeding on November 7, 2007, defense counsel explained that defendant's second affidavit had not been sworn because defendant "didn't have access to a notary before today's court date." The trial court then placed defendant under oath, and defendant swore to the truth of his affidavit.

On December 5, 2007, the trial court, without holding an evidentiary hearing, denied the State's motion to dismiss and granted defendant's petition for postconviction relief by reducing his prison sentence from 30 years to 27 years. The trial court began by stating that "the matter is here" only "for arguments." Counsel proceeded to argue, without introducing any evidence or calling any witnesses. At the end of his argument, defense counsel stated that there was no need for a hearing.

At the proceeding on December 5, the prosecutor stated: "The State concedes the admonishment was not given to the defendant." The prosecutor asked the trial court to dismiss defendant's petition simply "on [the] procedural bar." After arguing why the procedural bar was excused in this case, defense counsel stated:

> "And actually there's not really a need for a hearing. All the Court needs to issue is a new mittimus. The State is not prejudiced by the fact that he filed beyond his time limit."

After listening to counsel's argument, the trial court found that "the defendant was not culpably neglect [*sic*] based upon the facts and circumstances available." The trial court did not identify the specific "facts and circumstances" that led to its finding. Based on this finding, the trial court ruled:

> "A new mittimus will issue with all the cases concurrent with one another. Sentence will be reduced based upon the fact the defendant was not admonished to 3 years mandatory supervised release. It will be reduced from 30 down to 27 years Illinois Department of Corrections. Credit 1788 days in custody. It will it [*sic*] be the same order on all of Mr. Wheeler's cases concurrent."

The State did not object to the lack of an evidentiary hearing, either after defense counsel's remarks or the trial court's ruling. The prosecutor stated only that the State intended to file an appeal.

On December 5, 2007, the State filed a notice of appeal, appealing the trial court's "Order granting petitioner's post-conviction petition."

## ANALYSIS

The State appeals, arguing (1) that defendant was culpably negligent in filing his postconviction petition four months late; and (2) that the trial court erred by granting postconviction relief without first holding an evidentiary hearing. Since we decide the appeal on the second ground, we need not reach the first ground.

The question of whether the trial court was statutorily required to hold an evidentiary hearing is purely a question of law, which we review de novo. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

The Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2006)) provides a means by which a defendant may challenge his or her conviction or sentence for violations of federal or state constitutional rights. *Pendleton*, 223 Ill. 2d at 471, citing *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). To be entitled to postconviction relief, a defendant must show that he or she has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. 725 ILCS 5/122—1(a)(1) (West 2006); *Pendleton*, 223 Ill. 2d at 471, citing *Whitfield*, 217 Ill. 2d at 183.

The Act provides for three stages in noncapital cases. *Pendleton*, 223 Ill. 2d at 471-72. At the first stage, the trial court has 90 days to review a petition and may summarily dismiss it, if the trial court finds that the petition is frivolous and patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2006); *Pendleton*, 223 Ill. 2d at 472. If the trial court does not dismiss the petition within that 90-day period, the trial court must docket it for further consideration. 725 ILCS 5/122—2.1(b) (West 2006); *Pendleton*, 223 Ill. 2d at 472.

The Illinois Supreme Court has held that, at this first stage, the trial court evaluates only the merits of the petition's substantive claim, and not its compliance with procedural rules. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The issue at this first stage is whether the petition presents " ' "the gist of a constitutional claim." ' " *Perkins*, 229 Ill. 2d at 42, quoting *People v. Boclair*, 202 Ill. 2d 89, 99-100 (2002), quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). As a result, "[t]he petition may not be dismissed as untimely at the first stage of the proceedings." *Perkins*, 229 Ill. 2d at 42.

In the case at bar, defendant's petition proceeded to the second stage. The Act provides that, at the second stage, counsel may be appointed for defendant, if defendant is indigent, which is what happened in this case. 725 ILCS 5/122—4 (West 2006); *Pendleton*, 223 Ill. 2d at 472. After an appointment, Supreme Court Rule 651(c) requires the appointed counsel: (1) to consult with petitioner by mail or in person; (2) to examine the record of the challenged proceedings; and (3) to make any amendments "that are necessary" to the petition previously filed by the *pro se* defendant. 134 Ill. 2d R. 651(c); *Perkins*, 229 Ill. 2d at 42. Our supreme court has interpreted Rule 651(c) also to require appointed counsel "to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence." *Perkins*, 229 Ill. 2d at 49.

After defense counsel has made any necessary amendments, the State may move to dismiss the petition. *Pendleton*, 223 Ill. 2d at 472 (discussing 725 ILCS 5/122—5 (West 2006)). See also *Perkins*, 229 Ill. 2d at 43. If the State moves to dismiss, the trial court may hold a dismissal hearing, which is still part of the second stage. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998). A trial court is foreclosed "from engaging in any fact-finding at a dismissal hearing because all well-pleaded facts are to be taken as true at this point in the proceeding." *Coleman*, 183 Ill. 2d at 380-81. In the case at bar, the newly appointed counsel filed a supplemental petition, the State then moved to dismiss, and the trial court held a second-stage dismissal hearing.

The issue of timeliness is first considered by the trial court at the second stage. *Perkins*, 229 Ill. 2d at 48. The Act requires that, if a petitioner files a petition outside the limitations period, the petitioner must "allege[ ] facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 2006); *Perkins*, 229 Ill. 2d at 43. However, our supreme court has held that a *pro se* petition does not have to contain "any allegations on timeliness or an excuse for a delay in filing" in order "to advance past the first stage." *Perkins*, 229 Ill. 2d at 48. Timeliness allegations are simply "irrelevant at the first stage" and are considered only "after appointment of counsel." *Perkins*, 229 Ill. 2d at 48.

At the second stage, the trial court may dismiss a petition as untimely: (1) if the petition fails to contain "allegations of lack of culpable negligence"; and (2) if the State moves to dismiss on this ground. *Perkins*, 229 Ill. 2d at 43.

Even at the second stage, a failure to make allegations will not necessarily result in a dismissal, because the State may decide to waive the timeliness bar. *People v. Boclair*, 202 Ill. 2d 89, 101 (2002). Timeliness is not a jurisdictional prerequisite, but instead is an affirmative defense that the State may forfeit or may choose to waive by not filing a motion at this second stage. *Boclair*, 202 Ill. 2d at 101; *Perkins*, 229 Ill. 2d at 45-46. Faced with an underlying claim of merit, "a dutiful prosecutor" may choose to waive the timeliness bar. *Boclair*, 202 Ill. 2d at 101-02. Since a trial court may not usurp "the State's prerogative to proceed on the merits of the petition despite procedural flaws," a court may dismiss on timeliness grounds only if the State moves for it. *Boclair*, 202 Ill. 2d at 102.

If the trial court denies the State's motion to dismiss, or if the State chooses not to file a dismissal motion, then the State "shall" answer the petition. 725 ILCS 5/122—5 (West 2006); *Pendleton*, 223 Ill. 2d at 472. Unless the trial court allows further pleadings (725 ILCS 5/122—5 (West 2006)), the proceeding then advances to the third

stage, which is an evidentiary hearing. 725 ILCS 5/122—6 (West 2006); *Pendleton*, 223 Ill. 2d at 472-73. At the hearing, the trial court "may receive proof by affidavits, depositions, oral testimony, or other evidence," and "may order the petitioner brought before the court." 725 ILCS 5/122—6 (West 2006). To determine whether a defendant is culpably negligent in filing a late petition, the trial court must make "an assessment of the defendant's credibility." *Boclair*, 202 Ill. 2d at 102.

The Act provides that "[i]f the [trial] court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgement or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail, or discharge as may be necessary and proper." 725 ILCS 5/122—6 (West 2006). In the case at bar, the trial court found in favor of defendant and entered an order with respect to the sentence in the former proceedings. The trial court entered this disposition after the second stage and without holding an evidentiary hearing.

A preliminary question is whether the State waived this issue by not raising it in the court below. Generally, issues not raised in the trial court are waived, for purposes of appeal. *People v. Piatkowski*, 225 Ill. 2d 551, 564 (2007). In the case at bar, the State did not object when defense counsel argued to the trial court that it did not need to hold an evidentiary hearing and that all the trial court needed to do was to issue a new mittimus. In addition, when the trial court proceeded to issue its ruling without an evidentiary hearing, the State did not object on that basis.

Nonetheless, we will proceed to consider this issue. First, the waiver doctrine is a limit on the parties, not on the jurisdiction of the reviewing court. *Niles Township High School District 219 v. Illinois Educational Labor Relations Board*, 369 Ill. App. 3d 128, 137 (2006); *Luss v. Village of Forest Park*, 377 Ill. App. 3d 318, 330 (2007). Second, the defense did not provide notice in its postconviction petition or supplement that it intended to raise this claim before the trial court. *Niles Township*, 369 Ill. App. 3d at 137 (waiver rule not applied where party had no prior notice of issue). Third, defendant did not raise waiver as an issue in this appeal. *People v. Johnson*, 385 Ill. App. 3d 585, 608 (2008) ("a party waives a point by failing to argue it on appeal"). For all these reasons, we will proceed to consider the issue of whether the trial court was required to hold an evidentiary hearing prior to ordering postconviction relief.

On appeal, the State argues that the whole structure and process of the Act shows that a hearing was required. First, the Act provides that if the State's motion is denied, then the State "shall" file an

answer. 725 ILCS 5/122—5 (West 2006). In the case at bar, the trial court denied the State's motion and then, in effect, prevented the State from fulfilling its statutory obligation of filing an answer, with a premature grant of relief. If the drafters of the Act had contemplated a grant of relief at the second stage, then they would not have made an answer mandatory.

Second, the Illinois Supreme Court has held that when a trial court determines whether or not a defendant was culpably negligent, the trial court must assess the defendant's credibility. *Boclair*, 202 Ill. 2d at 102. Such an assessment is not intended for a second-stage dismissal hearing, where a trial court is foreclosed from fact-finding and all well-pleaded facts are taken as true. *Coleman*, 183 Ill. 2d at 380-81. Assessments of credibility are better suited to a third-stage evidentiary hearing, which does not occur until after the State's answer, which never occurred in this case.

We find these arguments persuasive. In response, defendant argues that the third-stage evidentiary hearing is limited to evidence concerning defendant's underlying constitutional claim. However, no section in the Act imposes such a limitation, and we decline to read limits into the Act that are not already there. *Boclair*, 202 Ill. 2d at 100 ("[w]e will not depart from the plain language of the [Post-Conviction Hearing Act] by reading into it exceptions, limitations or conditions").

In support of its argument, the defense cites *People v. Welch*, 376 Ill. App. 3d 705 (2007), in which the Second District vacated a second-stage dismissal by the trial court and granted the petition, in effect granting relief without a third-stage evidentiary hearing. We do not find *Welch* persuasive for several reasons. First, *Welch* was a split decision, with two justices affirming and one justice dissenting. Second, the First District has already held that "[w]e are not persuaded by *Welch*" and that we adopt instead the reasoning of the dissenting justice. *People v. Muniz*, 386 Ill. App. 3d 890, 894 (2008).[1] Third, the appellate justices in *Welch* had a dispute about the facts and what the evidence showed, which only highlighted the need for a third-stage evidentiary hearing. The majority found that it was "undisputed" that defendant did not learn about the three-year term of supervised release until "later"; and that there was "no evidence that he could have raised the issue" earlier "because there is no indication that he had knowledge of the issue." *Welch*, 376 Ill. App. 3d at 709. In pointed contrast, after reading the same record, the dissent concluded that "there is no indication in the present case that the defendant could

[1]The opinion in *Muniz* was authored by Justice Warren Wolfson, with Justices Robert Gordon and Rodolfo Garcia concurring.

not have presented the improper-admonishment claim" earlier. *Welch*, 376 Ill. App. 3d at 710 (Johnson, J., dissenting). This dispute supports the logic for holding an evidentiary hearing, rather than for dispensing with one. For these reasons, we do not find *Welch* persuasive.

In addition, the recent action of our own supreme court in *Bumpers* persuades us that holding an evidentiary hearing is the wiser course. *People v. Bumpers*, 229 Ill. 2d 632 (2008). The facts of *Bumpers* are similar to the facts in the case at bar. Like the defendant in the case at bar, the defendant in *Bumpers* alleged in a *pro se* postconviction petition that the trial court had failed to admonish him, prior to the entry of his guilty plea, concerning a three-year period of mandatory supervised release. *People v. Bumpers*, 379 Ill. App. 3d 611, 612 (2008). As in the case at bar, the trial court appointed counsel; the appointed counsel filed a supplemental postconviction petition; and the petition proceeded to the second stage. *Bumpers*, 379 Ill. App. 3d at 614. As in the case at bar, the State in *Bumpers* chose to move, at the second stage, for dismissal on timeliness grounds. *Bumpers*, 379 Ill. App. 3d at 614. In response, defense counsel in *Bumpers* presented affidavits from defendant and his father to excuse the delay (*Bumpers*, 379 Ill. App. 3d at 614, 616); similarly, in the case at bar, defense counsel offered two affidavits from defendant.

Unlike the case at bar, the trial court in *Bumpers* granted the State's motion. *Bumpers*, 379 Ill. App. 3d at 614. However, on appeal, this court reversed and vacated defendant's sentence. *Bumpers*, 379 Ill. App. 3d at 621. We remanded with instructions for the trial court to take, in essence, the same action that the trial court took in the case at bar: namely, to shorten the sentence by three years and to add a term of three years' mandatory supervised release. *Bumpers*, 379 Ill. App. 3d at 621.

Our supreme court vacated our *Bumpers* opinion, in a decision without a published opinion, and "remand[ed] the cause to the circuit court for an evidentiary hearing, allowing the State opportunity to refute defendant's allegations denying culpable negligence in the untimely filing of his postconviction petition." *Bumpers*, 229 Ill. 2d 632.

We take here the same action that our supreme court took in *Bumpers*. We remand the case to the trial court for an evidentiary hearing to allow the State the opportunity to refute defendant's allegations denying culpable negligence in the untimely filing of his postconviction petition.

## CONCLUSION

For the foregoing reasons, we vacate the trial court's order grant-

ing postconviction relief and remand the case to the trial court, in order to allow for an answer to be filed and an evidentiary hearing to be held.

Vacated and remanded with instructions.

GARCIA and HALL, JJ., concur.