No. 2--08--0242      Filed:  2-3-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1885 |
| JOSEPH MARINO, | ) ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Joseph Marino appeals the trial court's dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2006)).  The trial court found that the petition was untimely filed and that, because a discovery rule does not apply to postconviction actions, the late discovery of a claim that is not based on a change of law does not permit late filing under section 122--1(c) of the Act (725 ILCS 5/122--1(c) (West 2006)).  We disagree that the late discovery of a preexisting claim absolutely precludes a defendant from filing a petition after the statutory deadline. Instead, how the claim was discovered is part of a determination under section 122--1(c) of whether the defendant was culpably negligent in filing the late petition.  Accordingly, we reverse and remand for further proceedings.

I. BACKGROUND

In 1998, Marino was charged with two counts of armed robbery (720 ILCS 5/18--2(a) (West 1996)) in connection with a 1997 bank robbery. On June 17, 1999, he entered a blind plea and stipulated to a factual basis that he took money from two bank tellers. On August 9, 1999, he was sentenced to 2 concurrent 20-year prison terms for the armed robberies, along with 2 additional concurrent 20-year terms for charges in another case. Marino appealed, and we reversed because of an inadequate certificate under Supreme Court Rule 604(d) (210 Ill. 2d R. 604 (d)). People v. Marino, Nos. 2--00--0259, 2--00--0260, 2--00--0261 cons. (2001) (unpublished order under Supreme Court Rule 23). On October 23, 2003, Marino's convictions and sentences were affirmed. People v. Marino, Nos. 2--02--0124, 2--02--0125, 2--02--0126 cons. (2003) (unpublished order under Supreme Court Rule 23).

While his direct appeal was pending, Marino filed a petition for mandamus regarding mandatory supervised release (MSR). Mandamus was denied on procedural grounds, and we reversed and remanded. People v. Marino, 349 Ill. App. 3d 197, 202 (2004). The petition was denied on the merits on January 17, 2006.

On May 18, 2007, Marino filed a pro se postconviction petition, alleging in part that only one of the bank tellers was robbed and that a single bank robbery is only one offense, regardless of how many people are present when the money is taken. Thus, he alleged that, under the one-act, one-crime doctrine, he should have been sentenced for only one offense of armed robbery. The trial court found that Marino stated the gist of a constitutional claim and it appointed counsel.

Marino filed an amended petition, alleging that his trial counsel was ineffective for failing to (1) determine that he took money from only one teller; (2) object to the factual basis at the plea hearing and at sentencing; and (3) raise the one-act, one-crime issue. Marino alleged that he

discovered the one-act, one-crime issue for the first time while he was researching the denial of his request for mandamus. He immediately retained counsel to assist him with filing a postconviction petition, but became dissatisfied with delays in the case. On May 18, 2007, Marino completed his own pro se petition, which he promptly submitted to the court. He alleged that, because he acted promptly after discovering his claim, he was not culpably negligent for filing it late.

Marino submitted an affidavit stating that he entered the plea in reliance on the advice of his counsel and that he was represented by counsel in his appeals. Marino adverted to his lack of legal education and the lack of legal resources available to him, stating that his research opportunities were limited to one hour per week and only if there was room on the appropriate list. Marino described the circumstances of how he came across the one-act, one-crime doctrine in July 2006 and his difficulties in obtaining materials relevant to his case, such as FBI reports and bank surveillance video. He also described his actions in seeking legal assistance and how he became dissatisfied with delays in the action, leading him to prepare his pro se petition. The State moved to dismiss the petition on the basis that it was untimely filed.

The trial court indicated that the sentence would not have been different if Marino had been sentenced for only one of the offenses, but it also stated its belief that Marino probably would have been entitled to relief if the petition had been timely filed and expressed concern that Marino could not obtain relief. However, the court found that the petition was not timely filed because, under People v. Davis, 351 Ill. App. 3d 215, 217 (2004), the discovery rule did not apply to a postconviction petition and, under People v. Bumpers, 379 Ill. App. 3d 611, 618-20 (2008), vacated, 229 Ill. 2d 632 (2008) (supervisory order), unless there was a change of law preventing discovery

of the claim, a defendant could not raise it after the time period for filing a petition had expired. The court dismissed the petition, and Marino appeals.

## II. ANALYSIS

Marino argues that the court erred in dismissing his petition, because he alleged facts showing that the delay in filing it was not due to his culpable negligence. The State, however, contends that a late filing cannot be excused for lack of culpable negligence unless there has been a change of law affecting a defendant's case.

"In cases where the death penalty is not involved, adjudication of a postconviction petition follows a three-stage process." People v. Gerow, 388 Ill. App. 3d 524, 526 (2009). At the first stage, the court is required to review the petition within 90 days of the filing and docketing of the petition and determine whether it is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2006); Gerow, 388 Ill. App. 3d at 526. If the petition survives the first stage, counsel must consult with the defendant, examine the record, and amend the petition as necessary to ensure that the defendant's contentions are adequately presented. Gerow, 388 Ill. App. 3d at 526. "Within 30 days of the docketing of an order allowing the petition to proceed, the State may move to dismiss the petition pending before the trial court." Gerow, 388 Ill. App. 3d at 526. At the second stage, " 'all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true.' " Gerow, 388 Ill. App. 3d at 526, quoting People v. Pendleton, 223 Ill. 2d 458, 473 (2006). If a motion to dismiss is denied, the State must file an answer and the process moves to the third stage. 725 ILCS 5/122--5 (West 2006); Gerow, 388 Ill. App. 3d at 526-27. "[T]he trial court then may receive evidentiary proof via affidavits, depositions, testimony, or other evidence, and may order the

petitioner brought before the court." Gerow, 388 Ill. App. 3d at 527, citing 725 ILCS 5/122--6 (West 2006). Here, the petition was dismissed at the second stage.

Under the Act, proceedings must be commenced within:

"6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for certiorari is not filed, no proceedings *** shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122--1(c) (West 2006).

"On appeal, the standard by which second-stage dismissals of postconviction petitions are reviewed is de novo." Gerow, 388 Ill. App. 3d at 527, citing People Whitfield, 217 Ill. 2d 177, 182 (2005).

Culpable negligence, as used in the Act, "contemplates something greater than ordinary negligence and is akin to recklessness." People v. Boclair, 202 Ill. 2d 89, 108 (2002). This definition ensures that the portion of the statute permitting a petitioner to file an untimely petition, so long as he or she alleges facts showing that the delay was not due to his or her culpable negligence, does not stand as empty rhetoric. People v. Rissley, 206 Ill. 2d 403, 420 (2003). "[T]he definition gives heft to the exception contained in section 122--1," an exception that has been historically viewed as a special safety valve in the Act. Rissley, 206 Ill. 2d at 420. The definition also comports with the long-held view that the Act in general must be liberally construed to afford an opportunity to present questions of deprivation of constitutional rights. Rissley, 206 Ill. 2d at 421.

For example, the delay in filing a postconviction petition may be excused when the petition is based on the issuance of a new case that changes the law applicable to the defendant's claim. People v. Wilburn, 338 Ill. App. 3d 1075, 1077 (2003). A prisoner's lack of access to legal materials because of segregation or prison lockdown may also result in a finding of lack of culpable negligence. See People v. Walker, 331 Ill. App. 3d 335, 341 (2002) (collecting cases); People v. Scullark, 325 Ill. App. 3d 876, 885 (2001). Further, the filing of a late petition due to reasonable reliance on the incorrect advice of appellate counsel may be excused. Rissley, 206 Ill. 2d at 421.

Relying primarily on Davis, the trial court distinguished Marino's case based on the fact that there had not been a change of law. In Davis, the defendant filed his postconviction petition eight months after the statutory deadline had passed, contending that his trial counsel was ineffective for failing to file an appeal. The defendant alleged that he was not culpably negligent, because he believed that his attorney had filed an appeal. The State, however, pointed to a letter, dated more than two years before the defendant filed his petition, in which the defendant admitted that his attorney was not assisting in an appeal. The defendant then argued that a discovery rule should apply, allowing him to file his petition within three years of learning of his claim. Davis, 351 Ill. App. 3d at 216-17.

We held that the civil discovery rule does not apply to postconviction proceedings. Davis, 351 Ill. App. 3d at 217. Accordingly, the period to file a claim is not tolled by the failure to discover a claim. Davis, 351 Ill. App. 3d at 218. However, we did not hold that the failure to discover a claim within the statutory period would automatically preclude an exception based on the defendant's lack of culpable negligence. To the contrary, we stated that "[s]ection 122--1(c)'s exception for delay that is not due to culpable negligence undoubtably covers cases of delay that is an unavoidable

consequence of the late discovery of a claim." Davis, 351 Ill. App. 3d at 218. Thus, we stated that, to determine the issue, we look at both the circumstances surrounding the discovery of the claim and how promptly the defendant took action after that discovery. See Davis, 351 Ill. App. 3d at 218. We then determined that, under the facts of the case, the defendant was culpably negligent because he knew of the claim for more than two years before the statutory deadline had passed, but did not file his petition during that time. Davis, 351 Ill. App. 3d at 218.

In Bumpers, the First District applied Davis and reversed a trial court decision dismissing a postconviction petition that was filed late because of late discovery of the claim. There, the defendant alleged that, when he pleaded guilty, the trial court failed to admonish him about a three-year MSR term. The defendant filed a late postconviction petition and included an affidavit stating that he was surprised to learn of the MSR term in 2003 from the Department of Corrections. The State moved to dismiss, and at a hearing on the matter, the defendant presented an affidavit from his father explaining attempts in 2003 to obtain transcripts to see if there was a problem with the plea. After encountering difficulties, the defendant obtained transcripts in August 2004, and the defendant filed his pro se petition in November 2004. Bumpers, 379 Ill. App. 3d at 613-14.

Reversing the trial court's dismissal, the First District found that the defendant was not culpably negligent. The court recognized that, generally, citizens are presumptively charged with knowledge of the law. Bumpers, 379 Ill. App. 3d at 615-16, citing Boclair, 202 Ill. 2d at 104. However, the court also noted that it must take as true the defendant's assertion that he did not know of the legal issue at the time of his plea. Addressing cases where postconviction petitions were filed late because of changes in the law, the court stated that "[o]ur analysis does not depend on how the defendant discovered the new claim, but what he did in the interim between discovery and filing the

petition." Bumpers, 379 Ill. App. 3d at 617. The court found that Davis supported its conclusion, stating that Davis advocated looking at the defendant's actions after he or she discovered the claim. In Davis, the defendant knowingly let the deadline pass, while the defendant in Bumpers actively pursued his claim once he became aware of it. Bumpers, 379 Ill. App. 3d at 619. Thus, the court determined that the defendant was entitled to relief.

The State filed a petition for leave to appeal. The supreme court denied the petition, but directed the First District to vacate its order and remand to the trial court for an evidentiary hearing to allow the State an opportunity to rebut the defendant's allegations denying culpable negligence. People v. Bumpers, 229 Ill. 2d 632 (2008).

After Bumpers was decided, the First District, in People v. Wheeler, 392 Ill. App. 3d 303, 311 (2009), further discussed the ability of a defendant to produce evidence concerning a lack of culpable negligence in the late discovery and filing of a claim, clarifying that such matters are best addressed at the third stage of postconviction proceedings. In Wheeler, the defendant filed a late postconviction petition and presented affidavits stating that he discovered his claim late because of transfers between prisons, a period of isolated confinement, and a period of prison lockdown that severely limited his access to legal materials. He also averred that the clerk of the trial court did not respond to his request for a transcript of a trial court proceeding. Wheeler, 392 Ill. App. 3d at 304-05. The trial court granted the petition at the second stage of the postconviction proceedings, and the State appealed.

Applying Bumpers, the First District reversed, observing that "when a trial court determines whether or not a defendant was culpably negligent, the trial court must assess the defendant's credibility." Wheeler, 392 Ill. App. 3d at 310, citing Boclair, 202 Ill. 2d at 102. As a result, the court

held that "[s]uch an assessment is not intended for a second-stage dismissal hearing, where a trial court is foreclosed from fact-finding and all well-pleaded facts are taken as true." Wheeler, 392 Ill. App. 3d at 310, citing People v. Coleman, 183 Ill. 2d 366, 380-81 (1998). Instead, "[a]ssessments of credibility are better suited to a third-stage evidentiary hearing, which does not occur until after the State's answer," which never occurred in the case. Wheeler, 392 Ill. App. 3d at 310.

Here, we agree that Marino should not have been precluded from presenting evidence that he lacked culpable negligence and that the matter is best determined at the third stage of the proceedings. The trial court found, and the State argues, that Davis precluded Marino from bringing his claim after the statutory deadline had passed, but Davis did not hold that the late discovery of a claim could never be excepted under section 122--1(c). Instead, it merely held that the time is not tolled by a discovery rule. We will not presume that a defendant has knowledge of the full range of sentencing possibilities before he or she has been admonished of them, such that he or she is also presumptively culpably negligent in filing a late petition. See Gerow, 388 Ill. App. 3d at 528. Instead, we treat ignorance of the law as a factor to be considered when determining whether the defendant was culpably negligent. See Gerow, 388 Ill. App. 3d at 528. Thus, the inquiry is whether the defendant was culpably negligent based on the circumstances surrounding the discovery of the claim and the actions taken to preserve it.

Marino alleged facts to support his contention that his late filing should be excused because he was not culpably negligent. He then backed up his allegations with an affidavit. At that point, the proceedings should have moved to the third stage to allow both parties to present evidence on the matter. Accordingly, the trial court erred when it dismissed the petition at the second stage of the proceedings. We observe that the trial court indicated that it would have sentenced Marino to

the same amount of time had one of the counts been removed. However, that matter was not specifically argued to the court, and the overall effect that it would have on Marino's claim was not specifically determined. Thus, we do not address what effect, if any, that fact would have on Marino's claim.

### III. CONCLUSION

The trial court erred by determining that Marino was precluded from seeking an excuse for his late filing based on a lack of culpable negligence and by dismissing his petition at the second stage of the proceedings. Accordingly, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

ZENOFF, P.J., and BOWMAN, J., concur.