2024 IL App (1st) 230812-U

No. 1-23-0812

Order filed September 17, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 90 CR 17373 |
| | ) | |
| SIDNEY SIMS, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the denial of postconviction relief where defendant failed to establish by a preponderance of the evidence that trial counsel prevented him from electing a bench trial.

¶ 2    Defendant Sidney Sims appeals from the third-stage denial of his petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). On appeal, defendant asserts that the circuit court erred in denying relief because he provided

unrebutted and corroborated testimony that trial counsel prevented him from electing a bench trial. We affirm.

¶ 3    Defendant was charged with first degree murder arising from the shooting death of Christopher Neuman in 1990. The trial court's half-sheet reflects that jury selection occurred on April 30, 1992, but the record on appeal does not include a report of proceedings for *voire dire* or any other discussion between the parties and the court regarding defendant's election of a jury trial.[1] Following a jury trial, defendant was found guilty of first degree murder and sentenced to 50 years' imprisonment. We affirmed on direct appeal. *People v. Sims*, 403 Ill. App. 3d 9 (2010). The evidence adduced at trial is set forth in our order on direct appeal.

¶ 4    The jury found defendant guilty of first degree murder. The trial court denied the motion for new trial filed by counsel. Prior to sentencing, the court commented that defendant had proffered a "layman's version of the motion for a new trial asserting his innocence." Defendant was sentenced to 50 years in prison.

¶ 5    On July 15, 1992, defense counsel filed a notice of appeal. On March 3, 1993, this court dismissed the appeal for want of prosecution for counsel's failure to file a record on appeal.

¶ 6    On October 12, 1999, defendant filed with the appellate court a motion to reinstate his direct appeal. On December 8, 1999, defendant filed with the supreme court a motion for leave to file a late petition for leave to appeal, which was denied on March 31, 2000.

¶ 7    On March 24, 2006, defendant filed a *pro se* petition for postconviction relief alleging (1) actual innocence; (2) the State failed to correct a witness's false testimony; (3) trial counsel was

---

[1]On October 27, 2009, on the motion of one of defendant's prior attorneys, the circuit court certified that the report of proceedings for *voir dire* and the original common law record were lost and could not be recreated.

ineffective for failing to call witnesses, not allowing defendant to testify, and refusing defendant's request for a bench trial; and (4) appellate counsel was ineffective for failing to perfect his direct appeal. Relevant here, defendant asserted he informed trial counsel that he wanted a bench trial, but trial counsel responded that defendant would have a jury trial because defendant's mother was paying trial counsel and wanted a jury trial. Defendant attached his own affidavit averring that counsel "went against the wishes of [defendant]" in having a bench trial and elected a jury trial instead because defendant's mother, Emily Blanton, wanted a jury trial and was the one "paying the bill." He also attached an affidavit from Blanton averring that she retained counsel and told counsel that she wanted a jury trial because she thought "it [would] be best to go with twelve people (jury), than one (judge)."

¶ 8       On June 9, 2006, the circuit court dismissed the petition as frivolous and patently without merit. Defendant appealed. This court found that defendant stated a gist of a constitutional claim that counsel was ineffective for failing to perfect defendant's direct appeal and reversed and remanded to the circuit court. Consequently, we declined to consider defendant's other claims. *People v. Sims*, No. 1-06-2065 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9       On January 21, 2009, the circuit court entered an agreed order granting defendant leave to file a late notice of appeal and took the postconviction petition off call until the appeal was resolved. On January 29, 2009, defendant filed a notice of appeal. On May 21, 2009, the postconviction petition was reinstated.

¶ 10      On direct appeal, defendant alleged several claims, including that he was denied a speedy trial, prosecutorial misconduct, and sentencing error. This court affirmed. *People v. Sims*, 403 Ill. App. 3d 9 (2010).

¶ 11     On December 15, 2014, after defendant's postconviction petition was reinstated and docketed, defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 12     On August 18, 2015, the State filed a motion to dismiss defendant's petition alleging that the ineffective assistance of trial counsel claims were waived as they could have been raised on direct appeal, and even if the claims were not waived, they failed on the merits. The State also asserted that defendant failed to establish actual innocence. On September 17, 2015, defendant filed a reply.

¶ 13     On November 12, 2015, the circuit court granted the motion to dismiss, concluding that counsel's decision on whether to call certain witnesses was trial strategy and the evidence supporting the actual innocence claim was "speculative" and "conjectural."

¶ 14     On appeal, this court held that defendant failed to make a substantial showing of actual innocence, ineffective assistance for trial counsel's failure to call witnesses and alleged refusal to allow defendant to testify, and the State's usage or failure to correct false testimony. However, we found that defendant made a substantial showing of ineffective assistance for trial counsel's failure to proceed via a bench trial and remanded that claim for a third-stage evidentiary hearing. *People v. Sims*, 2019 IL App (1st) 160029-U, ¶¶ 64, 73, 77, 87, 91, 93.

¶ 15     On April 26, 2023, a third-stage evidentiary hearing was held. Prior to the hearing, defendant's counsel informed the circuit court that Blanton and trial counsel had passed away.

¶ 16     Defendant, the sole witness, testified that he was 21 years old at trial and had an eleventh grade education. Defendant and trial counsel conversed in the "wintertime" prior to trial about whether defendant wanted a jury or bench trial. No one else was present. Defendant requested a

bench trial, but trial counsel told defendant he was "going with momma's decision," as Blanton wanted a jury trial and she was paying counsel. Prior to trial, Blanton and defendant spoke about her telling trial counsel that she wanted a jury trial.

¶ 17    Defendant did not tell the trial judge that he wanted a bench trial because he did not know he had to and thought trial counsel would speak for him. Defendant knew it was his decision whether to have a jury or bench trial, but he did not know he had a right to a bench trial and was unaware of the fact until the "early 2000s."

¶ 18    On cross-examination, defendant stated that he sat through jury selection and trial, and he did not inform the trial judge that he wanted a bench trial. Prior to sentencing, defendant wrote the trial judge a letter about wanting a bench trial and, according to defendant, the judge stated at sentencing that "by [defendant] leaving it to the hands of [his] lawyer that's what's the final decision." Defendant declined to speak in allocution and did not inform the trial judge of his intention to have a bench trial in a posttrial motion. On redirect examination, defendant testified that the trial judge did not ask whether he wanted a jury or bench trial prior to trial.

¶ 19    The circuit court denied postconviction relief, holding that defendant failed to prove by a preponderance of the evidence that his right to a bench trial was usurped by trial counsel. The circuit court noted that there was "no burden" on the trial court to inquire whether defendant wanted a jury or bench trial and there was a presumption that defendant, who sat through jury selection and a jury trial, wanted a jury trial. The court mentioned there had been "numerous" times in the courthouse where defendants had stopped proceedings and requested a bench trial. It also noted that defendant's testimony was "self-serving" and "impossible" to rebut without witnesses who were no longer alive.

¶ 20    On appeal, defendant argues that the circuit court erred in denying relief because defendant provided unrebutted and corroborated testimony that trial counsel provided ineffective assistance by preventing defendant from electing a bench trial.

¶ 21    The Act allows defendants to challenge their convictions based on an alleged violation of their state or federal constitutional rights. *People v. Jean*, 2024 IL App (1st) 220807, ¶ 28. Postconviction proceedings follow three stages. *Id*. Defendant's petition was dismissed at the third stage following an evidentiary hearing. At the third stage of a postconviction proceeding, the defendant bears the burden of making a "substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). This showing must be made by a preponderance of the evidence. *People v. Williams*, 2017 IL App (1st) 152021, ¶ 22.

¶ 22    At the third stage, the circuit court may receive "affidavits, depositions, testimony, or other evidence, and may order the [defendant] brought before the court." *People v. Gerow*, 388 Ill. App. 3d 524, 527 (2009). When a petition is advanced to a third-stage evidentiary hearing where fact-finding and credibility determinations are involved, a circuit court's decision will not be reversed unless it is "manifestly erroneous." *Pendleton*, 223 Ill. 2d at 473. Manifest error is error that is "clearly evident, plain and indisputable." *People v. Marshall*, 375 Ill. App. 3d 670, 675 (2007). However, if no fact-finding or credibility determinations were made at the third stage, and the issues presented were all pure questions of law, a *de novo* standard of review is applied. *People v. Velasco*, 2018 IL App (1st) 161683, ¶ 137. Usually, ineffective assistance of counsel claims involve mixed questions of law and fact. *Id*. Therefore, in reviewing defendant's ineffective assistance of trial counsel claim, we defer to the circuit court's findings of fact and will disturb

them only if they are "against the manifest weight of the evidence," but we review *de novo* the court's "ultimate determination of whether counsel rendered ineffective assistance." *Id*.

¶ 23    In examining ineffective assistance of trial counsel claims, this court follows the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Johnson*, 2021 IL 126291, ¶ 52. A defendant must show that counsel's performance (1) fell below an objective standard of reasonableness and (2) resulted in prejudice. *Id*. To establish prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*.

¶ 24    Both the United States Constitution and Illinois Constitution guarantee a defendant the right to a jury trial. U.S. Const., amend VI; Ill. Const., 1970, art. I, § 8; *People v. Bannister*, 232 Ill.2d 52, 65 (2008). The right to a jury trial encompasses the right to waive one. *Id*. The choice of whether to waive a jury trial and opt for a bench trial belongs to the defendant, not counsel. *People v. Townsend*, 2020 Ill App (1st) 171024, ¶ 24. Where a defendant claims that trial counsel usurped his right to choose a bench trial, the defendant need not demonstrate that the result of his trial would have been different to establish prejudice under *Strickland*. *Id*. Rather, prejudice is presumed if a reasonable probability exists that the defendant would have waived a jury trial but for counsel's usurpation, as "such fundamental structural defects cast doubt on the legitimacy of the entire proceeding and demand an automatic reversal." *Id*.

¶ 25    The circuit court here denied relief after concluding that defendant's "self-serving" testimony and supporting documentation were not credible and did not establish by a preponderance of the evidence that trial counsel usurped his right to a bench trial. The circuit court noted that defendant sat through jury selection and trial without informing the trial judge of his

intention to have a bench trial, and that defendant's testimony was impossible to rebut without testimony from Blanton or trial counsel. Considering the record as a whole, we cannot say that defendant established that the court's credibility and factual determinations were against the manifest weight of the evidence or that its ultimate decision finding no ineffective assistance of counsel was in error.

¶ 26 At the evidentiary hearing, defendant testified as the sole witness and maintained that he informed trial counsel that he wanted a bench trial, but counsel elected a jury trial because Blanton wanted a jury trial. Defendant also stated that although he was aware that it was his decision to have a jury or bench trial, he was not aware that it was a constitutional right until well after sentencing. While neither Blanton nor trial counsel could testify at the evidentiary hearing, defendant produced Blanton's affidavit averring that she retained trial counsel and wanted a jury trial.

¶ 27 However, despite defendant's assertion at the evidentiary hearing that he wanted a bench trial, his actions during the trial proceedings suggest otherwise. As the circuit court noted, defendant proceeded through jury selection and a jury trial without informing the trial court that he wanted a bench trial. At the evidentiary hearing, defendant acknowledged this but testified that he wrote a posttrial letter to the trial court about wanting a bench trial. However, the report of proceedings for the sentencing hearing reflects that the trial court described the letter only as a "layman's version of the motion for a new trial asserting his innocence." We do not find the circuit court's credibility and factual determinations are manifestly erroneous.

¶ 28 We note that defendant raised this specific issue of ineffective assistance for the first time in his postconviction petition, 14 years after he had been convicted and sentenced, despite stating

in his testimony at the evidentiary hearing that he was aware that the decision to proceed via a jury or bench trial was his to make.

¶ 29    In sum, the circuit court did not err in rejecting defendant's assertion that he intended to proceed via a bench trial instead of jury trial and that trial counsel was ineffective for proceeding with a jury trial. See *People v. Powell*, 281 Ill. App. 3d 68, 73 (1996) ("If a defendant fails to speak out *** to make his desire for a bench trial known when the trial court begins the process of selecting and impaneling a jury, we will not entertain his later, after-the-fact claim that he really wanted a bench trial all along"). Accordingly, it cannot be said that trial counsel usurped defendant's right to a bench trial or was objectively unreasonable in his assistance at defendant's trial to sustain a claim of ineffective assistance of counsel.

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31    Affirmed.