2026 IL App (1st) 250131-U
Order filed: June 10, 2026

FIRST DISTRICT
THIRD DIVISION

No. 1-25-0131

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | No. 07 CR 15656 01 |
| JAMES SEVIER, | ) | Honorable Terry Gallagher, Judge, presiding. |
| Defendant-Appellant. | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Martin and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The second-stage dismissal of defendant's postconviction petition is reversed, and this matter is remanded for an evidentiary hearing, where defendant alleged sufficient facts to show that the delay in filing his petition was not due to his culpable negligence and that he received ineffective assistance of counsel.

¶ 2    Defendant-appellant, James Sevier, appeals from the second-stage dismissal of the postconviction petition he filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2024)). For the following reasons, we reverse and remand for an evidentiary hearing.

¶ 3    Many of the prior proceedings in this matter were fully set out in our prior order, entered upon our rejection of the arguments raised in defendant's direct appeal, and need not be fully

restated here. See *People v. Sevier*, 2012 IL App (1st) 1101840-U. We therefore restate only those facts necessary to resolve this appeal.

¶ 4 Defendant was indicted on July 30, 2007, and was charged with attempted murder of police officers, armed robbery, aggravated unlawful use of a weapon, unlawful use of a weapon by a felon, aggravated unlawful restraint, and reckless discharge of a firearm. On March 17, 2010, following a jury trial, defendant was found guilty of one count of attempted murder and one count of armed robbery. On July 1, 2010, the circuit court sentenced defendant to 80 years' imprisonment for attempted murder and 30 years' imprisonment for armed robbery, to be served consecutively. Defendant filed a timely appeal. As noted above, this court rejected the issues raised by defendant and affirmed his convictions. On March 27, 2013, the Illinois Supreme Court denied defendant's petition for leave to appeal. *People v. Sevier*, 368 Ill. Dec. 737 (2013).

¶ 5 On November 6, 2013, defendant filed a *pro se* motion for an extension of time to file a postconviction petition. The circuit court granted the motion and extended the deadline to March 13, 2014.

¶ 6 The State received a copy of defendant's *pro se* postconviction petition on March 6, 2014. However, on March 13, 2015, a year to the day after the extended deadline expired, the circuit court noted at a hearing that there was no indication defendant had filed a petition by the extended deadline or a request for additional time to do so. The court concluded that this matter had therefore been placed on call in error, and ordered that the case be taken off call. There is no indication in the record that defendant received notice of this ruling.

¶ 7 On August 10, 2015, defendant filed a *pro se* motion for leave to file a postconviction petition and a proposed petition. The motion for leave asserted that defendant initially mailed his petition on March 3, 2014, and only recently learned that the circuit court never received it.

Attached to the motion were Department of Corrections "Offender Authorization of Payment" receipts dated March 3, 2014, which indicated that defendant had requested that funds from his trust fund be used to pay for legal mail to be mailed to both the clerk of the circuit court and the State's Attorney's Office. The receipts bore a stamp indicating that the legal mail was mailed out on March 4, 2014.

¶ 8    Relevant here, defendant's postconviction petition—the same as had been received by the State in March 2014—alleged that his trial counsel, Assistant Public Defender (APD) Sara Porter, provided ineffective assistance of counsel when she failed to timely convey an offer to plead guilty to a single count of armed robbery in exchange for a 20-year prison sentence. The circuit court docketed the petition on September 25, 2015, and the Public Defender's Office was appointed.

¶ 9    Defendant's appointed counsel filed a motion for discovery seeking any documents in the State's case file regarding plea offers that were made. The circuit court conducted an *in camera* review of the trial prosecutor's case file, or "blue back," and found no mention of a plea offer.

¶ 10    Appointed counsel subsequently filed a supplemental petition expanding on defendant's allegation that his trial counsel failed to convey a plea offer. Appointed counsel stood on the *pro se* petition with respect to defendant's other claims. The petition, supported by a notarized affidavit from defendant, alleged that on March 9, 2010, Porter's co-counsel, APD Maria Barrido, asked defendant if the State had made an offer. Defendant responded that he was unaware of any offer. After speaking with the State, Barrido informed defendant that an offer had been made, but said that she wanted to talk with Porter before discussing the matter further. Porter stated that the State had offered a deal to plead guilty to armed robbery in exchange for a 20-year prison sentence. Defendant had never been told of this offer previously. Defendant told his attorneys that he wanted to accept the offer. Barrido spoke with the State but was told that the offer was no longer on the

table. Barrido told defendant that the State was now offering 35 years' imprisonment for a guilty plea, but defendant rejected that offer. The petition asserted that defendant would have accepted the first offer had it been timely conveyed. The petition further asserted that the disparity between the offer and the sentence defendant received, and the fact the offer was below the minimum sentence defendant faced by going to trial supported his claim.

¶ 11    The State filed a motion to dismiss. The State first asserted that defendant's *pro se* petition was untimely, arguing that the documents attached to his motion for leave indicated only when he requested funds for postage, not when the petition was mailed. Regarding defendant's claim that his trial counsel failed to convey a plea offer, the State argued that defendant had not provided any evidence that the offer was ever made, noting that its own case file makes no mention of an offer.

¶ 12    Defendant's appointed counsel filed a response to the State's motion. The response first asserted that defendant's *pro se* petition was timely, and, in the event it was found not to be timely, that the evidence establishes that defendant was not culpably negligent for the untimely filing. Attached to the response were copies of the "Offender Authorization of Payment" receipts that defendant had included with his motion for leave to file a post-conviction petition, and a copy of defendant's *pro se* petition, stamped as being received by the State's Attorney's Office on March 6, 2014.

¶ 13    As to the merits of defendant's claim, the response argued that defendant's affidavit, taken as true, was sufficient evidence that the plea offer had been made, and the fact that the State's case file failed to mention a plea offer did not affirmatively rebut defendant's allegation. In addition, the response noted that, in April 2014, Barrido sent defendant a letter acknowledging that the State had indeed made a prior plea offer; the letter was attached to the response as an exhibit. The response further argued that, although Barrido in her letter claimed that the case notes indicated

the prior offer had been conveyed to defendant by Porter and that this was also Barrido's recollection, she did not have personal knowledge of the offer being timely conveyed and this assertion merely established a factual question that required a third-stage evidentiary hearing to resolve.

¶ 14    The circuit court granted the State's motion to dismiss the entire petition after a hearing. Relevant here, the court specifically concluded that Barrido's letter undercut defendant's claim that Porter failed to convey the prior plea offer. The court did not address the timeliness of the *pro se* petition. Defendant timely appeals.

¶ 15    The Act provides a three-stage mechanism in which a defendant under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. 725 ILCS 5/122-1(a) (West 2024); *People v. Addison*, 2023 IL 127119, ¶ 18. Postconviction relief is limited to constitutional deprivations that occurred at the original trial. *People v. Coleman*, 183 Ill. 2d 366, 380 1063 (1998). A proceeding brought under the Act is not an appeal of a defendant's underlying judgment, instead it is a collateral attack on the judgment. *People v. Evans*, 186 Ill. 2d 83, 89 (1999).

¶ 16    This case proceeded to the second stage under the Act. At the second stage, the defendant may request counsel to be appointed to represent him or her, if necessary (725 ILCS 5/122-4 (West 2024)), and the State is allowed to file responsive pleadings (725 ILCS 5/122-5 (West 2024)). At this stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *Coleman*, 183 Ill. 2d at 381. If no such showing is made, the petition is dismissed. If a substantial showing of a constitutional violation is set forth, then the petition is advanced to the third stage, where the circuit

court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2024). When considering a motion to dismiss at the second stage of proceedings, we accept as true all factual allegations that are not positively rebutted by the record. *People v. Johnson*, 2017 IL 120310, ¶ 14. We review a petition dismissed at the second stage *de novo*. Id.

¶ 17   The issue of timeliness can first be addressed during second stage proceedings. *People v. Wheeler*, 392 Ill. App. 3d 303, 308 (2009). Section 122-1(c) of the Act provides:

> "No proceedings under this Article shall be commenced more than 6 months after the conclusion of proceedings in the United States Supreme Court, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence. If a petition for certiorari is not filed, no proceedings under this Article shall be commenced more than 6 months from the date for filing a certiorari petition, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2024).

¶ 18   Stated differently, a defendant can avoid the dismissal of an untimely petition if he or she alleges facts demonstrating that the filing delay was not the result of his or her own culpable negligence. *Johnson*, 2017 IL 120310, ¶ 26. "[C]ulpable negligence in the context of section 122-1(c) of the Act contemplates something greater than ordinary negligence and is akin to recklessness." *People v. Lighthart*, 2023 IL 128398, ¶ 73 (citing *People v. Boclair*, 202 Ill. 2d 89, 106-08 (2002)). While we will generally reverse the circuit court's findings of fact regarding culpable negligence only if the findings are manifestly erroneous, the circuit court's conclusion of whether the established facts demonstrate culpable negligence is subject to a *de novo* review. *People v. Stoecker*, 384 Ill. App. 3d 289, 292 (2008). Because the circuit court did not address this

issue at all below, we will review the entirety of this issue *de novo*. *People v. Gerow*, 388 Ill. App. 3d 524, 527 (2009).

¶ 19    To establish a lack of culpable negligence, a petitioner must present allegations of specific facts showing why his tardiness should be excused; vague or conclusory assertions will not suffice. *People v. Evans*, 2017 IL App (1st) 143268, ¶ 26. The petitioner bears a heavy burden to affirmatively demonstrate why the exception to the time limits of the Act is applicable to his case. *People v. Kirilyuk*, 2024 IL App (2d) 230154, ¶ 33. " '[W]hether delay is due to culpable negligence depends not only on when the claim is discovered [by the defendant] but [also] on how promptly the defendant takes action after the discovery.' " *People v. Ramirez*, 361 Ill. App.3d 450, 453–54 (quoting *People v. Davis*, 351 Ill. App. 3d 215, 218 (2004)).

¶ 20    Here, the record and defendant's allegations, taken as true, demonstrate that defendant's petition could not have alternatively been dismissed at the second stage because he was culpably negligent for the untimely filing of this petition.

¶ 21    The record reflects that defendant was aware of the original due date of his petition and requested an extension, which was granted. The receipts from the Department of Corrections show that defendant requested postage for legal mail to both the clerk of the circuit court and the State's Attorney's Office on March 3, 2014, prior to the March 13, 2014, due date. Further, the stamp on the receipts indicates that the legal mail was mailed out on March 4, 2014. The record shows that the State's Attorney's Office received its copy of the petition on March 6, 2014, and the State neither below nor on appeal disputes that it received the petition prior to its due date.

¶ 22    Defendant also asserted that he mailed a second copy of his petition once he discovered that the circuit court never received the one he previously placed in the mail, after having twice inquired on the status of his initial petition with the clerk's office. Finally, defendant attached to

his response to the State's motion to dismiss a section 1-109 certificate (735 ILCS 5/1-109 (West 2024)) in which he certified that he placed his initial petition in the Department of Correction's mail system on March 3, 2014. Notably, the State did not present any evidence rebutting defendant's contention that he mailed the initial petition prior to the due date. Thus, defendant has alleged facts tending to show that he acted promptly in attempting to file his initial petition on time, and acted promptly to refile that petition once he discovered that the initial petition was never actually filed with the clerk's office. On this record, we conclude that defendant sufficiently alleged facts showing that the delay in filing his petition was not due to his culpable negligence (725 ILCS 5/122-1(c) (West 2024)), such that his petition could not have alternatively been dismissed on that basis at the second stage.

¶ 23      In reaching this conclusion, we note that on appeal the State argues both that defendant has supported his claims regarding this issue with nothing other than his self-serving statements and that he therefore failed to *establish* a lack of culpable negligence. We reject these arguments.

¶ 24      Again, the statute only requires at this stage that defendant "allege[] facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2024). Moreover, we reiterate that at the second stage we accept as true all factual allegations that are not positively rebutted by the record. *Johnson*, 2017 IL 120310, ¶ 14. The State cites to nothing in the record that positively rebuts defendant's claims as to his efforts to timely file his petition. Furthermore, "if a court must assess a defendant's credibility to determine his culpable negligence, '[s]uch an assessment is not intended for a second-stage dismissal hearing' and must wait for a third-stage evidentiary hearing." *People v. Jones*, 2021 IL App (1st) 182392, ¶ 56 (quoting *Wheeler*, 392 Ill. App. 3d at 310). "We find that [defendant] has carried his burden of providing sufficient and specific facts to make a substantial showing that the delay in filing his petition was not due to his

culpable negligence. While the State will have the opportunity at an evidentiary hearing to rebut those facts, at this point we must accept them as true. *People v. Upshaw*, 2017 IL App (1st) 151405, ¶ 27.

¶ 25    We now therefore turn to the heart of defendant's appeal; his challenge to the circuit court's second-stage dismissal of his claim of ineffective assistance of counsel.

¶ 26    It is well settled that at the second stage of postconviction proceedings, claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Domagala*, 2013 IL 113688, ¶ 36. Under *Strickland*, defense counsel is ineffective only if defendant demonstrates (1) his counsel's performance fell below an "objective standard of reasonableness" or (2) counsel's error prejudiced the defendant. *Strickland*, 466 U.S. at 687-88, 694.

¶ 27    Under the first prong, defendant must overcome the strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance and " 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689 ("there are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way"). To establish prejudice under the second prong, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong entails more than an "outcome-determinative test" and "[t]he defendant must show that counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair." *People v. Richardson*, 189 Ill. 2d 401, 411 (2000). The failure to establish either prong

precludes a finding of ineffective assistance of counsel. *People v. Patterson*, 192 Ill. 2d 93, 107 (2000).

¶ 28    It is well established that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012). Accordingly, "[w]hen defense counsel allow[s] the offer to expire without advising the defendant or allowing him to consider it, defense counsel [does] not render the effective assistance the Constitution requires." *Id*. Here, defendant's petition made a substantial showing that trial counsel failed in her duty to convey a plea offer.

¶ 29    Defendant's notarized affidavit, which must be taken as true at this stage of proceedings, alleged that Porter failed to convey in a timely manner an offer to plead guilty to one count of armed robbery in exchange for a 20-year sentence, resulting in the offer being withdrawn before defendant could accept it. The letter from Barrido added some additional support for defendant's assertion that the State had made a prior offer to plead guilty to one count of armed robbery. To the extent that certain other statements in Barrido's letter tend to contradict defendant's allegations, they present factual and credibility questions that require a third-stage evidentiary hearing to resolve. *People v. Robinson*, 2020 IL 123849, ¶ 60.

¶ 30    Further, there is no evidence in the record affirmatively rebutting defendant's claim. The trial transcripts are silent as to whether a plea offer was conveyed to defendant. Similarly, the fact that the prosecutor's "blue back" is silent regarding a plea offer does not positively rebut this claim, especially considering Barrido's letter in which she claims a prior offer was in fact made, thus creating an issue of fact for an evidentiary hearing.

¶ 31    Finally, the circuit court erred in dismissing defendant's claim based on its conclusion that some of the assertions in Barrido's letter "undercut" defendant's allegation that the offer had not

been conveyed to him. At second stage proceedings, the circuit court is prohibited from making such credibility determinations. *Coleman*, 183 Ill. 2d at 390-91 ("the Act contemplates that factual and credibility determinations will be made at the evidentiary stage of the post-conviction proceeding, and not at the dismissal stage").

¶ 32 Ultimately, we conclude that defendant's petition made a substantial showing that trial counsel provided objectively unreasonable representation by failing to convey a favorable plea offer in a timely manner.

¶ 33 Turning to the prejudice prong, it has been recognized that to establish prejudice in this context, the defendant must show that absent counsel's deficient performance a reasonable probability exists that he would have accepted the State's plea offer, and "that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Frye*, 566 U.S. at 147; *People v. Hale*, 2013 IL 113140, ¶¶ 15-16. A reasonable probability may exist even where the chance of a different outcome is significantly less than 50 percent. *People v. McCa*rter, 385 Ill. App. 3d 919, 935 (2008) The defendant must also show a reasonable probability that the result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Hale*, 2013 IL 113140, ¶ 19. The disparity between the sentence faced by going to trial and a significantly shorter plea offer supports a claim of prejudice. *Id*., ¶ 18.

¶ 34 On the record before us, we conclude that defendant made a substantial showing that he was prejudiced by trial counsel's failure to convey the prior offer in a timely manner. Defendant was charged with two counts of attempted murder of a police officer and one count armed robbery with a firearm. Each attempted murder of a police officer count had a sentencing range of 20 to 80 years, (720 ILCS 5/8-4(c)(1)(A) (West 2006)), while the armed robbery with a firearm count had

a sentencing range of 21 to 45 years (720 ILCS 5/18-2(a)(2), (b) (West 2006); 730 ILCS 5/5-8-1(a)(3) (West 2006)). As such, and because consecutive sentences were discretionary, if convicted of all counts at trial, defendant faced a minimum prison sentence of 20 years and a maximum sentence of 160 years. 730 ILCS 5/5-8-4(f)(2) (West 2006). The 20-year offer was, therefore, significantly below both the maximum sentence defendant faced by going to trial and the sentence he ultimately received. Thus, there is no question that the result of the proceedings would have been much more favorable to defendant had he been tendered the offer in a timely manner. Moreover, nothing in the record indicates that the State would have rescinded this offer had defendant accepted it, or that the trial court would not have accepted the deal. *People v. Nicholson*, 2021 IL App (3d) 180010, ¶ 20. To the extent there are any factual issues as to such matters, that is an issue to be resolved at an evidentiary hearing.

¶ 35 Finally, we note that on appeal the State contends that defendant failed to support his claim because some of his evidence would not be admissible under the rules of evidence. However, Illinois Rule of Evidence 1101(b)(3) (eff. Sept. 17, 2019) specifically provides that the rules of evidence do not apply to postconviction hearings.

¶ 36 Thus, the petition made a sufficient showing that there was a reasonable probability that defendant would have pleaded guilty and received a 20-year sentence had trial counsel conveyed the plea offer to him. The prejudice prong was also sufficiently shown at the second stage. We therefore remand this matter to the circuit court for a third-stage evidentiary hearing. We express no opinion as to the ultimate outcome of that hearing.

¶ 37 For the foregoing reasons, the judgment of the circuit court is reversed and this matter remanded for further proceedings consistent with this order.

¶ 38 Reversed and remanded.